UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


SECURITIES AND EXCHANGE COMMISSION,

            Plaintiff,

                                                    CASE NO 19-CV-00448-VMC-CPT

v.

SPARTAN SECURITIES GROUP, LTD.,
ISLAND CAPITAL MANAGEMENT LLC,
CARL E. DILLEY,
MICAH J. ELDRED, and
DAVID D. LOPEZ,

            Defendants.


CASE MANAGEMENT REPORT


        The parties have agreed on the following dates and discovery plan pursuant to Fed.

R. Civ. P. 26(f) and Local Rule 3.05(c):


| DEADLINE OR EVENT | AGREED DATE |
| --- | --- |
| **Mandatory Initial Disclosures** <br> [Approximately 30 days after CMR meeting] | May 10, 2019 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** <br> [Each party who has not previously filed must file immediately] | April 22, 2019 |
| **Motions to Add Parties or to Amend Pleadings** <br> [Approximately 1 - 2 months after CMR meeting] | May 29, 2019 |
| **Disclosure of Expert Reports** <br> **Plaintiff:**                                                    **Defendant:** <br> [Approximately 1 - 2 months before discovery deadline to allow expert depositions] | March 6, 2020 |
| **Discovery Deadline** <br> [Approximately 6 - 8 months after defendant's first appearance] | April 16, 2020 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br>**[Court requires 5 months or more before trial term begins]** | May 15, 2020 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>**[Court will set a date]** | TBD |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Witness Lists, Exhibit Lists with Objections on Approved Form – all to be emailed in a Word document to chambers at: chambers_flmd_covington@flmd.uscourts.gov.)**<br>**[Court will set a date]** | TBD |
| **All Other Motions Including Motions *In Limine***<br>**[Court requires 2 months before Trial term begins]** | July 20, 2020 |
| **Final Pretrial Conference**<br>**[Court will set a date]]** | TBD |
| **Trial Term Begins**<br>**[Trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties]** | October 15, 2020 |
| **Estimated Length of Trial**<br>**[Number of trial days]** | 10 -12 days |
| **Jury / Non-Jury** | Jury |
| **Mediation Deadline:**<br><br>**Proposed Date of Mediation: TBD- Parties will coordinate with Mediator**<br><br>**Mediator:    Brian Gerard Mooney**<br>**Brian G. Mooney, PA**<br>**4350 W Cypress St - Ste 275**<br>**Tampa, FL 33607**<br><br>**Telephone:   Office: 813-877-1800**<br><br>**[Absent arbitration, mediation is *mandatory*; the Court recommends 7 days after the discovery deadline]** | February 5, 2020 |
| **All Parties Consent to Proceed Before Magistrate Judge** | No |

## I.  Preparation of the Case Management Report

Lead counsel may meet in person or by telephone to prepare the Case Management Report.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person or by telephone on  March 27, 2019 and was attended by:

Wilfredo Fernandez, Esq.                    Counsel for SEC

Christine Nestor, Esq,                      Counsel for SEC

Alan Wolper, Esq.                           Counsel for Defendants

Heide Vonderheide, Esq.                     Counsel for Defendants

Once the parties have met and a case management report has been filed, discovery in this case can commence.

## II.  Pre-Discovery Initial Disclosures of Core Information

### Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties agree to exchange information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) by May 10, 2019.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

---

[1]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

### III.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case;

_X_ One or more of the parties anticipate the disclosure or discovery of ESI in this case. If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.    The form or forms in which ESI should be produced.

B.    Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought

C.    Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.    The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.    The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.    Any issues relating to preservation of discoverable ESI.

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H.   Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

None.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

___ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.   **Agreed Discovery Plan for Plaintiffs and Defendants**

A.   **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper  —  including emergency motion  —  is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X___   Yes  (Parties to file Certificate on or before April 22, 2019)

_____   No                        Amended Certificate will be filed by _____

                                          (party) on or before  _____ (date).

**B.**      **Discovery Not Filed  —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows: The parties will make all reasonable efforts to exchange discovery electronically.

**C.**      **Limits on Discovery  —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b).  Absent

leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.      Depositions

No further limitations are anticipated at this time.

2.      Interrogatories

No further limitations are anticipated at this time.

3.      Document Requests

No further limitations are anticipated at this time.

4.      Requests to Admit

No further limitations are anticipated at this time.

5.      Supplementation of Discovery

No further limitations are anticipated at this time.

**D.      Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: N/A

**E.      Disclosure of Expert Testimony  —**

On or before the dates set forth in the above table for the disclosure of expert reports, the

parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct

examination at trial will be limited to the opinions, basis, reasons, data, and other information

disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such

information may result in the exclusion of all or part of the testimony of the expert witness.  The

parties agree on the following additional matters pertaining to the disclosure of expert testimony:

N/A

**F.      Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from

whether the parties may agree that produced documents are confidential.  The Court is a public

forum, and disfavors motions to file under seal.   The Court will permit the parties to file

documents under seal only upon a finding of extraordinary circumstances and particularized

need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v.*

*American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document

under seal must file a motion to file under seal requesting such Court action, together with a

memorandum of law in support.  The motion, whether granted or denied, will remain in the

public record.

The parties may reach their own agreement regarding the designation of materials as

"confidential."  There is no need for the Court to endorse the confidentiality agreement.  The

Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce

appropriate stipulated and signed confidentiality agreements.   *See* Local Rule 4.15.   Each

confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: <u>The Parties do not at this point anticipate the need for a confidentiality agreement.</u>

      **G.**      **Other Matters Regarding Discovery —**

<u>N/A</u>

**V.**      **Settlement and Alternative Dispute Resolution**.

      **A.**      **Settlement —**

The parties agree that settlement is unlikely (however the parties will make good faith attempts to resolve this matter.)

The parties request a settlement conference before a United States Magistrate Judge.

<u>No</u>

      **B.**      **Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

<u>No</u>

      **C.**      **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for

mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web

site at http://www.flmd.uscourts.gov.

      **D.**        **Other Alternative Dispute Resolution —**

      The parties intend to pursue the following other methods of alternative dispute resolution:

N/A

Date: April 23, 2019

**Attorneys for Plaintiff**                  **Attorneys for Defendants**
**Securities and Exchange Commission**

s/Wilfredo Fernandez                  s/Alan M. Wolper
Wilfredo Fernandez                    Alan M. Wolper (FL Bar No. 61524)
Senior Trial Counsel                  Heidi E. VonderHeide (admitted pro hac vice)
FL Bar No. 142859                    ULMER & BERNE LLP
801 Brickell Ave., Suite 1800           500 W. Madison, Suite 3600
Miami, Florida 33131                Chicago, Illinois 60661
Tel: (305) 982-6367                 Tel: (312) 658-6500
Email: fernandezw@sec.gov           Email: awolper@ulmer.com

Christine Nestor
Senior Trial Counsel
FL Bar No. 597211
Tel: (305) 982-6367
Email: nestorc@sec.gov