UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO. 19-CV-00448-VMC-CPT

SECURITIES AND EXCHANGE COMMISSION,

        **Plaintiff,**

v.

SPARTAN SECURITIES GROUP, LTD.,
ISLAND CAPITAL MANAGEMENT LLC,
CARL E. DILLEY,
MICAH J. ELDRED, and
DAVID D. LOPEZ,

        **Defendants.**

_____/

**SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN OPPOSITION
TO DEFENDANT MICAH J. ELDRED'S MOTION TO DISMISS (DE 22)**

        Christine Nestor
        Senior Trial Counsel
        Fla. Bar No. 597211
        Telephone: (305) 982-6367
        Facsimile: (305) 536-4154
        E-mail:  nestorc@sec.gov

        Wilfredo Fernandez
        Senior Trial Counsel
        Fla. Bar No. 142859
        Telephone: (305) 982-6376
        Facsimile: (305) 536-4154
        E-mail:  fernandezw@sec.gov

        **ATTORNEYS FOR PLAINTIFF**
        **SECURITIES AND EXCHANGE COMMISSION**
        801 Brickell Avenue, Suite 1800
        Miami, Florida 33131
        Telephone: (305) 982-6300

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...............................................................................................1

II. ARGUMENT ......................................................................................................2

    A. Eldred Improperly Goes Outside the Four Corners
       of the Complaint .....................................................................................2

    B. Eldred Misconstrues Rule 15c2-11
       of the Exchange Act ..............................................................................2

    C. Standard of Review................................................................................4

    D. The Complaint is Not a Shotgun Pleading.............................................5

    E. The Commission has adequately alleged Eldred Violated
       Section 10(b) and Rule 10b-5(b) of the Exchange Act..........................5

        1. Eldred made misrepresentations or omitted facts ..........................6

        2. The misrepresentations were material……………………………7

        3. In connection with requirement is met............................................8

        4. The Complaint adequately pleads scienter .....................................8

    F. The Commission's Claims for Aiding and Abetting
       are Sufficiently Pled.............................................................................11

    G. The Commission has adequately Alleged Scheme Liability ...............12

    H. Eldred's Statutue of Limitations Arguments Lack Merit ...................12

    I. If the Court Deems the Complaint Deficient, Leave
      to Amend is Warranted ........................................................................ 12

    J. Conclusion ...........................................................................................13

## TABLE OF AUTHORITIES

CASES

*Foman v. Davis,* 371 U.S. 178 (1962) .................................................................................12

*La Grasta v. First Union Securities, Inc.,* 358 F.3d 840 (11th Cir. 2004) ........................2

*Harris v. Ivax Corp.,* 182 F.3d 799 (11th Cir. 1999) ...........................................................2

*SEC v. Zouvas,* 2016 WL 6834028 (S.D. Cal. Nov. 21, 2016)............................................8

*Witchard v. Allied Interstate, LLC,* 2015 WL 6817163
   (M.D. Fla. Nov. 6, 2015)....................................................................................................2

STATUTES

Section 17(a) of the Securities Act of 1933 .........................................................................6

Section 10(b) of the Exchange Act of 1934.....................................................................5, 6

RULES

Federal Rule of Civil Procedure 8(a) ...................................................................................4

Federal Rule of Civil Procedure 9(b) ...................................................................................4

Federal Rule of Civil Procedure 15(a) ................................................................................12

Rule 10b-5(b) of the Exchange Act of 1934 ....................................................................5, 6

Rule 15c2-11 of the Exchange Act of 1934.....................................................................2, 3

OTHER AUTHORITIES

Publication or Submission of Quotations Without Specified Information Exch. Act Rel. No. 41110, 64 FR 11124 (Mar. 8, 1999) .................................................................3

## I. INTRODUCTION

Defendants Spartan Securities, Ltd. ("Spartan"), Island Capital Management LLC d/b/a Island Stock Transfer ("Island Stock"), David Lopez ("Lopez"), and Micah Eldred ("Eldred") each move to dismiss the Complaint on nearly identical bases. (Compare DE 22 and 23). In fact, the motions recite nearly word for word many of the same arguments. Therefore, in an effort to avoid judicial waste, the Commission will exercise brevity wherever possible in this response to Eldred's Motion to Dismiss ("Motion"). Where applicable, the Commission will incorporate by reference the arguments from DE 33, its Response to the Motion to Dismiss brought by Eldred's co-Defendants (hereinafter "Resp. Section __, pg. __").

At Resp. Section I, pg. 1-3, the Commission summarizes the allegations of the Complaint and the role each Defendant, including Eldred, played in the frauds. More specifically, as to Eldred, he was the registered principal and representative of Spartan and CEO of Island, and he schemed with Michael Daniels, Andy Fan and Diane Harrison to defraud the public that the companies they manufactured were operating businesses with independent management and shareholders, rather than undisclosed blank check companies for sale. In furtherance of the scheme, Eldred filed false Forms 211 with FINRA, signed false securities deposit forms and executed open-market transactions in Spartan's proprietary account. Eldred took these steps despite knowing, or being reckless in not knowing, from the onset that the blank check companies manufactured by Daniels, Fan and Harrison (undisclosed control persons) were not pursuing their stated business plans and instead were packaged for immediate sale as public vehicles. Eldred's role in the fraudulent scheme was essential because it allowed the securities of the blank check companies to be sold in bulk under the false designation as free-trading. DE 1, Complaint at ¶¶

1-9, 13, 16, 55, 100-122 (hereinafter "Compl. ¶__"). As described here and at Resp. Section II. C., pg. 6-9, the allegations of the Complaint satisfy the applicable pleading standards, and the Commission's fulsome allegation of its causes of action requires denial of both motions. (DE 22 and 23).

## II. ARGUMENT

### A. Eldred Improperly Goes Outside the Four Corners of the Complaint

Eldred, like the remaining Defendants, attempts to inject contested facts beyond the four corners of the Complaint. Motion at pg. 1-2, 8-9, 14, 17-22, footnotes 2-5, 11, 17, 23-24, 26, 29-30, 33-35. This is inappropriate at the pleading stage and is better suited for a motion for summary judgment, or for presentation before the jury. Cases cited by Eldred confirm that extrinsic evidence may be appended to a motion to dismiss and considered by the court when it is "*central to the complaint*" and "*provided that its contents are not in dispute*" (emphasis added). *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 842 (11th Cir. 2004) (taking judicial notice of stock prices because they are not subject to reasonable dispute). Here, the Commission disputes not only the relevance of the extrinsic evidence Eldred offers, but also the accuracy. This Court has previously declined to consider such evidence in similar circumstances, and should likewise do so here. *Witchard v. Allied Interstate, LLC*, 2015 WL 6817163, at *2 (M.D. Fla. Nov. 6, 2015) (declining to consider extrinsic matters).

### B. Eldred Misconstrues Rule 15c2-11 of the Exchange Act

The first two pages of Eldred's Motion misconstrue Rule 15c2-11 of the Securities Exchange Act of 1934 ("Exchange Act"). For example, Eldred contends that a broker-dealer

satisfies its obligation to gather and maintain information if it has, in its possession, a prospectus that has been filed with the Commission. Motion at pg. 1. In support of this position, Eldred provides a hyperlink to extrinsic information purportedly found on FINRA's website as of April 18, 2019 (years after the conduct at issue here). His citation of this type of information is wholly improper as set for in Section A. above.

Additionally, Eldred's argument is nearly the same as that presented by the co-Defendants in their Motion. As explained at Resp. Section II. B., pg. 5, Rule 15c2-11 expressly requires that broker-dealers seeking to initiate price quotations obtain, review, and maintain certain information about the issuer required by Rule 15c2-11(a) (*e.g.* public filings). Considering that information, *plus* "any other material information (including adverse information) regarding the issuer" in its possession, Rule 15c2-11(b)(3), the broker-dealer must have a reasonable basis to believe that the information required by subsection (a) is accurate in all material respects and its source is reliable. In other words, Rule 15c2-11 prohibits blanket reliance on public filings. Rather, the broker-dealer must review the required information "in the context of all other information about the issuer in its knowledge or possession." Publication or Submission of Quotations Without Specified Information, Exch. Act Rel. No. 41110, 64 FR 11124, 11149 (Mar. 8, 1999). The broker-dealer must be alert to any "red flags," for example, material inconsistencies between that information and other information in the broker-dealer's knowledge or possession. *Id.* at 11147 – 49. If red flags appear at any stage of the review process, the broker-dealer "cannot" publish quotations unless and until those red flags are reasonably addressed. *Id.* at 11149. In fact, the Complaint specifically alleges Eldred's awareness of Daniels, Fan and Harrison's control, substantially cast doubt on the

accuracy of the filings which should have raised red flags. See Compl. ¶ 100-122. Therefore, Eldred was obligated to address red flags and other adverse information in his possession about the issuer before initiating price quotations.

### C. Standard of Review

Eldred moves to dismiss the Complaint arguing the Commission has (1) failed to comply with Federal Rules of Civil Procedure 8(a) and 9(b); (2) improperly brought a "shotgun" pleading; and (3) failed to state a cause of action pursuant to Rule 12(b)(6). Here, many of Eldred's arguments are verbatim the same as those presented by his co-Defendants. (Compare DE 22, pg. 3-11 with DE 23, pg. 7-16). Therefore, the Commission will only briefly summarize our response to each argument below.

Regarding Eldred's contention that the Commission has failed to comply with Rules 8(a) and 9(b), applicable case law found at Resp. Section II. C., pg. 6-8, and the expansive allegations pled against Eldred, support denial of his Motion. The Commission's detailed Complaint, which includes underlying facts of who, what, when, where, and how satisfies the requirements for pleading fraud with particularity.

For example, Eldred has been the registered principal and representative of Spartan and CEO of Island during all times applicable to the allegations of the Complaint. Compl. ¶16. Eldred schemed with Daniels, Fan and Harrison to defraud the public that the blank check companies were actually operating businesses with independent management and shareholders. Compl. ¶¶6, 100-122. Eldred filed false Forms 211 with FINRA, signed false securities deposit forms and executed trades in Spartan's proprietary account, all in support

4

of the manufacture of undisclosed public vehicles – one of which Eldred expressly proposed to acquire himself while its Form 211 was pending. *Id.*[1]

In addition to the detailed summary of the frauds at issue, the Defendants' respective roles, and other key players (Compl. at ¶¶ 1-22) the Complaint also clearly delineates the two shell factory frauds at issue here, "A. The Mirman/Rose Shell Factory (Compl. at ¶¶ 26 – 99), and "B. The Daniels/Fan/Harrison Shell Factory" (Compl. at ¶¶ 100 – 122). The Commission further provides five charts (Compl. at ¶¶ 30, 35, 66, 72, 102) which provide expansive details of the frauds as described at Resp. Section II. C., pg. 8. In light of the breadth of the allegations contained in the Complaint, and for the reasons further set forth here and at Resp. Section II. C., pg. 6-9, the Court should deny Eldred's claim that the Commission has failed to plead fraud with particularity or that it has failed to state a cause of action against any of the Defendants.

### D. The Complaint is Not a Shotgun Pleading

Eldred's argument that the Commission's Complaint is an improper "shotgun pleading" is identical to the argument presented by his co-Defendants. (Compare DE 23, pg. 9 with DE 22, pg. 5). Thus the Commission incorporates its response to that argument here. Resp. Section II. D., pg. 9-10.

### E. The Commission has adequately alleged Eldred Violated Section 10(b) and Rule 10b-5(b) of the Exchange Act

Eldred contends that the Commission has failed to allege he "made" material misrepresentation or omission and if he did, none were made to the investing public, therefore

---

[1] His actions are attributable to not only his only personal liability, but to Spartan and Island's liability regarding the Daniels/Fan/Harrison fraudulent scheme.

5

Count VI (violations of Section 10(b) and Rule 10b-5(b)) should be dismissed. While Eldred mentions in the title to this section of his motion (Motion pg. 6) that he also seeks to dismiss Count XII (aiding and abetting Daniels/Fan/Harrison's violations of Section 10(b) and Rule 10b-5(b)) he does not provide discussion of this Count until pg. 23 of his Motion. Thus, the Commission addresses his arguments related to the aiding and abetting claims in Section F. below. Additionally, Eldred mentions in passing "Counts 3 and 6 must be dismissed" (Motion pg. 11), however, Eldred offers no discussion in the Motion regarding Count III (violation of Section 17(a)(1) of the Securities Act). In any event, the Commission incorporates here the arguments made at Resp. Section II. E., pg. 10-20.

1. <u>Eldred made misrepresentations or omitted facts</u>

The Complaint sufficiently alleges false statements made by the Defendants. Eldred glosses over the numerous allegations which set forth his misrepresentations and omissions to, among others, the Commission, FINRA, DTC, and Spartan's clearing firm. Instead, Eldred places blame on the blank check companies. Motion at pg. 6-7. For example, Eldred neglects to acknowledge that the Commission alleges among other things that:

- Eldred signed four false Form 211 forms for the blank check companies. Compl. ¶¶ 102, 112, 115.
- Eldred signed securities deposit forms misrepresenting that Daniels was never an affiliate of Dinello/AF Ocean. Compl. ¶ 109.
- Eldred signed three Forms 211 misrepresenting that each issuer was pursuing local business operations with no plans for mergers or changes in control, despite knowing this was false. Compl. ¶ 115. The Forms 211 submitted by Spartan also misrepresented how

6

Spartan was solicited to file the Forms 211 and also misrepresented to FINRA that it had no relationship with any officer or representative of the issuer. Compl. ¶¶ 116-117.

- Eldred approved Spartan's misrepresentation to FINRA that shareholders had purchased their shares, while knowing that Daniels and Harrison had instead paid for all the shares. Compl. ¶ 122.

2. The misrepresentations were material

As a general matter, between pages 8 and 22, Eldred repeatedly cites to disputed facts beyond the four corners of the Complaint. He also mistakenly cites as legal authority information found on FINRA's website as of April 18, 2019[2]. Putting aside for the moment issues of hearsay and whether the FINRA information existed during the relevant time period, this information is certainly not relevant at the pleading stage because none of it was alleged in the Complaint. Accordingly, the Court should disregard Eldred's arguments that rely upon references and citations to documents that are outside the four corners of the Complaint.

Eldred, like his co-Defendants, downplays his role in the fraudulent scheme and boldly contends that *any* statements attributable to him are not material. Motion at pg. 7. As more fully described at Resp. Section II. E. 3., pg. 13, this argument is not yet ripe. In any event, Eldred's statements, as described above, are certainly material. See Resp. Section II. E. 3., pg. 13-15 for relevant case law regarding materiality.

Eldred later contends that his statements are not material because the Form 211 application process is "private." Motion pg. 10. The Commission at Resp. Section II. E. 3., pg.

---

[2] We must also wonder whether the materials even existed during the relevant time period of this case. Further illustrating why injecting this information is improper at the pleading stage, before discovery has ensued.

7

15-16 provides applicable case law that dictates that the fact that a statement is made in private rather than to the public does not foreclose a statement's materiality.

### 3. In connection with requirement is met

Eldred makes the same flawed argument as his co-Defendants that the Commission fails to meet the "in connection with" requirement because the false statements were not made to the investing public. Compare DE 23, pg. 15 and DE 22, pg. 11. As set forth at Resp. Section II. E. 3., pg. 15-16, this argument is contrary to established case law.

Eldred later (Motion at pg. 23) makes the contention that the Complaint does not "identify the purchase or sale of any security with regard to the four Harrison companies" and therefore the Commission cannot establish the "in connection with" element. Eldred's argument lacks merit. See Resp. Section II. E. 4., pg. 16, and *SEC v. Zouvas*, 2016 WL 6834028, at *7-9 (S.D. Cal. Nov. 21, 2016) (stating that "the 'in connection' condition is met if the fraud alleged 'somehow touches upon' or has 'some nexus with 'any securities transaction'") (citations omitted). There can be no question that Eldred's actions here, which allowed the securities of blank check companies to be eligible for public quotation, open-market trading and clearing, were "in connection with" the purchase or sale of a security.

### 4. The Complaint adequately pleads scienter

Like his co-Defendants, Eldred seeks to dismiss Counts III and V-VII contending that the Complaint (1) does not plead facts with particularity pursuant to Rule 9(b) or the more general standard under Rule 8(a) and (2) the red flags identified in the Complaint are insufficient to establish Eldred's scienter. (Compare DE 23, pg. 11 with DE 22, pg. 16). See Resp. Section II. E. 5., pg. 16-19 for a detailed discussion of the relevant case law which

establishes that the Commission has adequately pled scienter.

The Commission pleads facts that make clear Eldred acted fraudulently and with scienter, but also has pled facts establishing Eldred's severe recklessness. See also Section E. 2 above. There can be no doubt that the Commission alleges Eldred *schemed* with Daniels, Fan and Harrison to *defraud* the public – with detailed allegations of both the source and extent of Eldred's awareness and also his specific contributions to the scheme. See generally Compl. ¶¶ 5-6, 55, 100-122.

Eldred next contends that there are no facts to support Eldred knew the companies were shells. Motion at pg. 13-14. Here again, Eldred uses documents found outside the four corners of the Commission's Complaint. Referring to Dinello/AF Ocean, Eldred states "the public filings show the company was not a 'shell'". Motion at pg. 13. Not only does Eldred expect the Court to analyze information outside the four corners of the Complaint, but he also expects the Court to accept them as true. The Court should do neither. Instead, the Court should accept as true the well-pled allegations of the Complaint regarding Dinello/AF Ocean which provide that:

- Eldred understood Daniels to be a principal (albeit undisclosed) of Dinello/AF Ocean. Compl. ¶ 105.

- Eldred had red flags that Dinello/AF Ocean was intended to be sold from the onset. Compl. ¶ 103-105. In June and July Eldred communicates via email describing Dinello/AF Ocean as a shell. Compl. ¶ 111.

- Spartan filed Dinello/AF Ocean's Form 211 in May 2011 misrepresenting among other things, that the current and future business plan was the operation of a pizzeria. Compl. ¶

9

106.

- Soon after Form 211 clearance, Eldred communicates via email regarding locating a prospective buyer for Dinello/AF Ocean. Compl. ¶ 107.
- Eldred assisted Daniels with DTC eligibility for Dinello/AF Ocean. Compl. ¶ 108.
- Eldred signed securities deposit forms misrepresenting that Daniels was never an affiliate of Dinello/AF Ocean. Compl. ¶ 109. The false securities deposit forms were needed to get Daniels' shares deposited and to execute a public trade to resolve a DTC freeze so that public trading could resume. Compl. 108-110.  The necessary public trade was between Daniels (seller) and the Spartan's proprietary account (buyer) to have the appearance of a legitimate public trade to restore DTC eligibility for further public trading to be allowed. Emails with Eldred explicitly detail that this was done to resolve the DTC issue. *Id*.

Remarkably, in the face of the specific allegations above, Eldred asks this Court to dismiss the Complaint because there are "no facts to support" the allegations that Eldred knew the company was a shell.  As illustrated by the allegations above, Eldred's contention wholly lacks merit.

Eldred next asks the Court to disregard the allegations of the Complaint surrounding Daniels' control of Dinello/AF Ocean and its intended merger. Motion at pg. 16-18.  Once again Eldred injects numerous disputed facts from filings not within the four corners of the Complaint.  For the reasons stated above, the Court should disregard this information, which even if accepted as true, does not negate the Commission's well-pled allegations as summarized in the bullet points above.

In fact, Eldred's Motion at pages 17-22 similarly present arguments attempting to refute Eldred's scienter by introducing extrinsic evidence related to some of the Commission's allegations. Eldred asks the Court to accept as true his extrinsic evidence in order to conclude that the Commission's well-plead allegations are basically overstated or false. Such arguments are wholly improper on a motion to dismiss and should be summarily disregarded. The Commission reiterates that the allegations pled in its Complaint, some of which are summarized in this Section, amply support the causes of action brought against Eldred and satisfy the pleading requirements.

**F. The Commission's Claims for Aiding and Abetting are Sufficiently Pled**

Eldred's contention related to the Commission's Counts for aiding and abetting are identical to those raised by his co-Defendants. (Compare DE 23, pg. 23 with DE 22, pg. 23). Accordingly, the Commission incorporates here the arguments presented at Resp. Section II. F., pg. 20-22.

Additionally, the Complaint sufficiently pleads that Eldred substantially assisted Daniels, Fan and Harrison's fraudulent manufacture of undisclosed blank check companies, which allowed Daniels, Fan and Harrison to sell all shares under their control without registration. Central to the fraud were the public quotation, DTC eligibility, and bulk transfer of the securities. Eldred knew, or was reckless in not knowing, that Daniels, Fan and Harrison were manufacturing the blank check companies in routine fashion for sale as public vehicles based, in part, on his own personal participation in several sales of these very same companies. Accordingly, for the reasons set forth above, there is no basis to dismiss the aiding and abetting counts of the Complaint.

### G. The Commission has adequately alleged scheme liability

Eldred's argument that the Commission has insufficiently pled scheme liability is the same as that presented by his co-Defendants. (Compare DE 23, pg. 26 with DE 22, pg. 26). Thus, the Commission incorporates here the arguments presented at Resp. Section II. G., pg. 22. Additionally, we incorporate here the allegations and argument made in Section I. and II. E. of this response and further reiterate that the Commission's Complaint pleads an abundance of allegations which show Eldred schemed with Daniels, Fan and Harrison including Eldred's filing of false Forms 211 with FINRA, signing false securities deposit forms and executing trades in Spartan's proprietary account.

### H. Eldred's Statute of Limitations Arguments Lack Merit

Eldred and his co-Defendants make the identical argument that (1) the five-year limitations period governing actions seeking a "fine, penalty, or forfeiture," 28 U.S.C. § 2462, applies to the Commission's claims for injunctions and penny stock bars, and (2) the Court should dismiss the Commission's claims "insofar as they rely on transactions outside the limitations period." (Compare DE 23, pg. 31 with DE 22, pg. 27). As shown below, both arguments fail for the reasons set forth at Resp. Section II. I., pg. 26-30.

### I. If the Court Deems the Complaint Deficient, Leave to Amend is Warranted

As shown above, the commission's Complaint meets the federal pleading standards. If, however, the Court finds a deficiency in the Complaint, the Commission respectfully requests the Court grant leave to amend its pleading. At most, the motion relates to curable pleading deficiencies, not irreparable flaws that cannot be fixed with an amended pleading. *See* Fed. R. Civ. P. 15(a) and *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### J. Conclusion

For all the foregoing reasons, the Commission respectfully requests that the Court deny Eldred's motion to dismiss.

Dated: May 24, 2019          BY:    s/Christine Nestor
Christine Nestor
Senior Trial Counsel
Fla. Bar No. 597211
Telephone: (305) 982-6367
Facsimile: (305) 536-4154
E-mail: nestorc@sec.gov

Wilfredo Fernandez
Senior Trial Counsel
Fla. Bar No. 142859
Telephone: (305) 982-6376
Facsimile: (305) 536-4154
E-mail: fernandezw@sec.gov

**ATTORNEYS FOR PLAINTIFF**
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 24, 2019, I electronically filed the foregoing document via the Court's CM/ECF electronic filing system, which provides notice to all counsel of record.

BY: /s/Christine Nestor