**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**CASE NO. 19-CV-00448-VMC-CPT**

SECURITIES AND EXCHANGE COMMISSION,

        **Plaintiff,**

v.

SPARTAN SECURITIES GROUP, LTD.,
ISLAND CAPITAL MANAGEMENT LLC,
CARL E. DILLEY,
MICAH J. ELDRED, and
DAVID D. LOPEZ,

        **Defendants.**

_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Securities and Exchange

Commission moves this Court to strike Defendants' six affirmative defenses as set forth in

their Answer and Affirmative Defenses to Complaint (D.E. 46).  The Court should strike the

Defendants' affirmative defenses because the majority of those arguments were already

considered and dismissed by the Court in their Motion to Dismiss.  The remaining Affirmative

defenses are simply wrong as a matter of law.

*Procedural Background*

As the Court is well aware having just heard oral argument and entered an Order for

the Commission denying the Defendants' Motions to Dismiss, (D.E. 22,23,33,34,41,42,& 44),

Defendants Spartan Securities, Ltd. ("Spartan"), is a registered broker-dealer, and Island

Capital Management LLC d/b/a Island Stock Transfer ("Island"), a registered transfer agent,

which touted their "one-stop shop" services provided in tandem to microcap issuers.  (DE 1, Complaint at ¶¶ 1-10, 13-14 (hereinafter "Compl. ¶__").  Spartan and Island together played critical roles in two separate microcap fraud schemes: one operated by Alvin Mirman ("Mirman") and Sheldon Rose ("Rose") (collectively "Mirman/Rose fraud") and the other by Michael Daniels ("Daniels"), Andy Fan ("Fan") and Diane Harrison ("Harrison") (collectively "Daniels/Fan/Harrison fraud").  Compl. ¶¶ 1-10, 26-35, 100-102.  All five individuals are the subjects of Commission civil enforcement actions. In addition, Mirman and Rose were criminally convicted for their roles in the fraudulent schemes to manufacture collectively at least 19 public companies for sale.  Compl. ¶¶ 18-22.  These 19 public companies were not operating businesses and did not have independent management or shareholders, rather they were undisclosed "blank check" companies controlled by Mirman, Rose, Daniels, Fan, and/or Harrison.  Defendants Carl Dilley ("Dilley") and Micah Eldred  ("Eldred"), as registered principals of both Spartan and Island, knew or were reckless in not knowing from the onset of the Mirman/Rose and Daniels/Fan/Harrison frauds, respectively. Compl. ¶¶ 1-10, 13-14, 36-50, 103-122.

After the Court denied their Motions to Dismiss, on June 14, 2019, the Defendants filed an Answer (D.E. 46) in which they deny liability and asserted six affirmative defenses: (1) statute of limitations; (2) waiver/estoppel; (3) unclean hands/bad faith; (4) disgorgement not proper remedy; (5) good faith reliance; and (6) any additional affirmative defenses that might develop.  All six defenses should be stricken.

*Memorandum of Law*

*General Standards for Striking Affirmative Defenses*

Affirmative defenses are subject to the general pleading requirements of Fed. R. Civ, P. 8(b)(1)(A), which requires that a party "state in short and plain terms its defenses to each claim asserted against it." Affirmative defenses are also evaluated against the touchstone of Fed. R. Civ. P. 12(f), which permits a court to "strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination. *See Grasso v. Grasso*, Case No. 8:13-cv-3186-T-33AEP, 2015 WL 12843863, *1 (M.D. Fla. Feb. 18, 2015) (Covington, J); *Williams v. Eckert Family Youth Alternative*, 908 F. Supp. 908 (M.D. Fla. 1995); *Anchor Hocking Corp. v. Jacksonville Electric Authority*, 419 F. Supp. 992 (M.D. Fla. 1979); *Brown v. Seebach*, 763 F. Supp. 574 (S.D. Fla. 1991).

Although motions to strike defenses are generally not favored, *Grasso*, 2015 WL 12843863, *1, a plaintiff may prevail on such a motion where the "allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Poston v. American President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978), *citing Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir. 1962). ). Thus, a "motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982). Striking such legally insufficient defenses "remove[s] unnecessary clutter from the case," thus "serv[ing] to expedite, not delay . . . ." *Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989) *see also SEC v. Sarivola*, Case No. 95 CIV.9270, 1996 WL 304371 at *1

(S.D.N.Y. June 6, 1996) ("Courts must not . . . be unmindful that the discovery process can by unduly and unnecessarily delayed" by meritless affirmative defenses). *SEC v. Keating*, Case No. CV 91-6785, 1992 WL 207918 at *2 (C.D. Cal. July 23, 1992) (striking improper defense appropriate when "its removal from the case would avoid wasting unnecessary time and money in litigating the invalid defense").

As a preliminary matter, all of Defendants' "affirmative defenses" provide virtually no supporting facts whatsoever. However, as with any pleading, an affirmative defense must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007), and state a plausible defense, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The case law in this area requires the Defendants to allege supporting facts. *See, e.g., Electronic Communication Technologies, LLC v. Clever Athletics Co.*, Case No. 9:16-cv- 81466, 2016 WL 7409710 at *1 (S.D. Fla. Dec. 19, 2016) (affirmative defenses must "… articulate enough facts to raise a plausible right to relief" and striking defenses because they were "nothing more than conclusory allegations"); *New York Discount Plus, Inc. v. Scottsdale Ins. Co.*, No. 13-24231-CIV, 2014 WL 467235 at *1-2 (S.D. Fla. Feb. 5, 2014) ("affirmative defenses that fail to recite more than bare-bones conclusory allegations are legally insufficient and will be stricken" and striking defenses of waiver, estoppel, laches, unclean hands and acquiescence because they contained no facts in support); *SEC v. BIH Corp.*, No. 2:10-cv-577, 2013 WL 1212769 at *1 (M.D. Fla. March 25, 2013); *Castillo v. Roche Labs., Inc.*, No. 10-20876-CIV, 2010 WL 3027726 at  *1-4 (S.D. Fla. Aug. 2, 2010) (majority of District Courts hold heightened pleading standards required; "purpose of pleading sufficient facts in an affirmative defense 'is to give fair notice to the opposing party that there

is some plausible, factual basis for the assertion and not simply to suggest that it might apply to the case'" and discussing added litigation costs and docket clutter of conclusory affirmative defenses).

As the following discussion of the challenged defenses demonstrates, none allege facts in support, and they are legally insufficient as well.

### *First Affirmative Defense: Statute of Limitations*

Defendants cite as their first affirmative defense that the Commission's claims and recovery are barred by the applicable statute of limitations including the limitations period set forth in 28 U.S.C. §2462.  However, the Court has already ruled on this issue, and therefore the affirmative defense should be stricken.  *See SEC v. 1 Global Capital LLC*, No. 18-cv-61991, 2019 WL 2231227, *3 (S.D. Fla. May 23, 2019) ("[T]he Court may strike an affirmative defense where that the issue has already been ruled upon at the motion to dismiss stage."); *Luxottica Group v. Airport Mini Mall, LLC*, 186 F.Supp.3d 1370, 1374 (N.D. Ga. 2016).

This Court has already considered this issue at the motion to dismiss hearing and ruled that it is not a valid defense. (D.E. 44).  Specifically, the Commission requested the Court to (1) permanently enjoin the Defendants from violating federal securities law; (2) direct Island Sock Transfer to pay disgorgement with prejudgment interest; (3) direct Defendants to pay civil money penalties; and (4) impose penny stock bars against Spartan. The Court correctly found that the first and fourth requests seek equitable relied to enjoin future conduct and therefore Section 2642 does not apply to them, citing *SEC v. Graham*, 823 F.3d 1357, 1361 (11th Cir. 2016); *United States v. Banks*, 115 F.3d 916, 919 (11th Cir. 1997). (D.E.44, p. 21).

The Court further found that the second and third requests are covered by Section 2462 and that because the SEC's claims are based on scheme liability extending into a period within the statute of limitations, the SEC's relief was also not barred by Section 2462. *id.* at 22.  Because the Court has already ruled on this issue, this affirmative defense should be stricken.

### *Second Affirmative Defense: Waiver/Estoppel*

The Defendants cite as their second affirmative defense that the SEC has waived and/or is estopped from asserting that the Defendants improperly relied upon the information contained in the registration statements filed with and made effective by the SEC. Further, the Defendants allege that the Commission was aware, at all times, of the information it now alleges to be fraudulent or indicative of the fraudulent conduct that was reviewed and that the Defendants relied upon the Commission's review.[1]  This alleged affirmative defense is an attempt to improperly divert the focus of the litigation and discovery from Defendants' alleged securities fraud to the Commission and its practices.  But Defendants' alleged securities fraud -not the Commission's conduct - is at issue in this litigation. *SEC v. Keating*, 1992 WL 207918, at *4 (C.D. Cal. Jul 23, 1992) ("The scope and conduct of the SEC's prefiling investigation bears absolutely no relevance to [the defendant's] culpability").   The defense should be stricken.

The Eleventh Circuit has repeatedly held that an estoppel claim against the government will lie "only in the most extreme circumstances." *In the Matter of Turtle Creek,*

---

[1] To the extent Defendants are claiming they lack scienter based on their reliance on the Commission's alleged review of certain documentation, the defense should be stricken for the same reasons their Fifth Affirmative Defense (good faith).

*Ltd.,* 194 B.R. 267, 274 (Bankr. N.D. Ala. 1996), *quoting Gibson v. Resolution Trust Corp.*, 51 F.3d 1016, 1025 (11th Cir. 1995). Generally this means "if estoppel is available against the Government, it is warranted only if affirmative and egregious misconduct by government agents exists." *SEC v. Silverman*, 328 Fed. Appx. 601, 2009 WL 1376248 at *4 (11th Cir. 2009) (unpublished) (affirming dismissal of defendants' estoppel claim alleging the Commission waited too long – four years – to bring a motion for disgorgement and penalty claims). *See also CFTC v. Southern Trust Metals, Inc.*, 880 F.3d 1252, 1260-61 (11th Cir. 2018) (affirming district court ruling dismissing estoppel defense against the CFTC, and noting "The Supreme Court has never established that the doctrine of equitable estoppel can be applied against the government and, in fact, has implied that it can not be"), *quoting Tovar-Alvarez v. United States Attorney General*, 427 F.3d 1350, 1353-54 (11th Cir. 2005); *U.S. ex rel. Freedman v. Suarez-Hoyos*, Case No. 8:04-cv-933, 2012 WL 4344199 at *6 (M.D. Fla. Sept. 21, 2012) (granting summary judgment on estoppel defense and holding estoppel defense would never lie against the government based on payments from the U.S. Treasury).[2]

Here, Defendants here allege no such misconduct by the SEC, let alone misconduct rising to the level of a constitutional injury. Therefore the court should dismiss the purported estoppel defense.

---

[2] In fact, some courts in this Circuit have opined that a defendant may only plead an estoppel defense where the government is acting in a proprietary capacity, i.e., acting for the commercial benefit of a particular agency, and not ever in a sovereign capacity to enforce a public right, as the Commission is here. *In re Turtle Creek*, 194 B.R. at 273; *FDIC v. Harrison*, 735 F.2d 408, 410-11 (11th Cir. 1984). Even assuming an estoppel claim could lie against the Commission, however, it cannot on these facts as Defendants have not alleged affirmative and egregious misconduct against the Commission.

Similarly, the SEC cannot be held to have waived its right of action. *SEC v. Culpepper*, 270 F.2d 241, 248 (2d Cir. 1959) (*citing SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3rd Cir. 1953)); *SEC v. U.S. Funding Corp.*, 2006 WL 995499 (D.N.J. April 11, 2006); *SEC v. Keating*, 1992 WL 207918 (C.D. Cal. July 23, 1992) (citing cases and imposing Rule 11 sanctions where the defendants asserted "waiver" and "estoppel" as affirmative defenses in Commission enforcement action); *SEC v. Hayes*, No. CA 3–90–1054–T, 1991 WL 236846, *2 (N.D. Tex. July 25, 1991); *see also United States v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1500-01 (S.D. Ohio 1991).

Even if waiver were a viable defense against the SEC, which it is not, Defendants have, again, alleged no facts suggesting that the SEC intentionally relinquished a known right. *See Long v. Gonzales*, 420 F.3d 516, 520 (5th Cir. 2005) ("Waiver is an intentional relinquishment or abandonment of a known right or privilege.") (citing *Kontrick v. Ryan*, 540 U.S. 443, 458 n. 13 (2004); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938 ); *United States v. Dobson*, 288 F.3d 153, 160 (5th Cir. 2002)).

Therefore, the defense of estoppel and waiver against the SEC are insufficient legally and factually and the Court should strike them from the Defendants' pleading.

### *Third Affirmative Defense :  Unclean hands or bad faith*

Under the doctrine of unclean hands "'[o]ne who has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice or unfairness will appeal in vain to a court of conscience, even though in his wrongdoing he may have kept himself strictly within the law.'" *In re Garfinkle*, 672 F.2d 1340, 1346 n. 7 (11th Cir.1982) (quoting *Peninsula Land Co. v. Howard*, 149 Fla. 772, 6 So.2d 384, 389 (Fla. 1941) (alteration omitted)).

Regardless, "generally, an unclean hands defense is not available in an SEC enforcement action." *SEC v. Lorin*, No. 90 Civ. 7461 (PNL), 1991 WL 576895, at *1 (S.D.N.Y. Jun. 18, 1991) (granting Commission's motion to strike unclean hands defense). A defendant normally may not invoke the defense of unclean hands against the Commission (or any government agency) when the agency is attempting to enforce its Congressional mandate in the public interest. *SEC v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988)*; Lorin*, 1991 WL 576895, at *1; *SEC v. KPMG LLP*, No. 03 Civ. 671(DLC), 2003 WL 21976733, at *3 (S.D.N.Y. Aug. 20, 2003) (granting motion to strike KPMG's affirmative defense of unclean hands).[3]

Even those few courts that will consider allowing a defendant to raise the unclean hands defense against the government require the agency's conduct to be so egregious as to rise to a level of constitutional deprivation *and* prejudice the defense of the government's lawsuit. *See SEC v. Cuban*, 798 F.Supp.2d 783, 796 (N.D. Tex. 2011) (striking unclean hands defense and noting that "to the extent [the defense] is recognized, it is only available in strictly limited circumstances when the party asserting the defense satisfies an exacting standard"); *KPMG*,

---

[3] *See also*, *SEC v. Follick*, No 00 Civ. 4385, 2002 WL 31833868, at *8 (S.D.N.Y. Dec. 18, 2002) (unclean hands defense against Commission "must fail"); *Rivlin*, 1999 WL 1455758, at *5 (granting Commission's motion to strike affirmative defense of unclean hands); *SEC v. Rosenfeld*, No. 97 Civ. 1467 (RPP), 1997 WL 400131, at *2 (S.D.N.Y. July 16, 1997) (striking affirmative defense of unclean hands against Commission); *SEC v. Condron*, No. B-85-87, 1985 WL 2054, at *1 (D. Conn. June 11, 1985) (striking defense of unclean hands as wholly insufficient as a matter of law); *see also Nationsbank of Ga., N.A.,* Civ. A No. 1:92-cv-1474-HTW, 1993 WL 345606 at *4-*5 (N.D. Ga. Apr. 6, 1993) (granting Secretary of Labor's motion for summary judgment on the affirmative defense of unclean hands); *United States v. S. Motor Carriers Rate Conference*, 439 F. Supp. 29, 52 (N.D. Ga. 1977) (granting Interstate Commerce Commission's motion to strike unclean hands defense because doctrine is unavailable against government agency acting in its sovereign capacity)..

2003 WL 21976733 at *3 (striking unclean hands defense); *Follick*, 2002 WL 31833868 at *8 (holding defendant's affirmative defense of unclean hands against the Commission "must fail" because he could not show any of the improper actions he alleged rose to the level of a constitutional deprivation or prejudiced him in defending against the Commission's lawsuit); *Rosenfeld*, 1997 WL 400131 at *2 (striking the affirmative defense of unclean hands because the defendant did not make any specific or concrete allegations in his amended answer of how the Commission's alleged misconduct prejudiced his ability to defend himself); *Elec. Warehouse,* 689 F. Supp. at 73 (refusing to allow defendant to assert affirmative defense because he could not allege the Commission had gathered tainted evidence against him or had prejudiced his ability to defend against the lawsuit by any of its actions).

The Commission is plainly acting in its sovereign capacity to enforce the federal securities laws, and the Defendants have not alleged any fact to the contrary in their answer (nor could they).

### Fourth Affirmative Defense "Disgorgement"

The Defendants raise the issue of disgorgement and simply say it is "not a proper remedy." As this Court noted in its Order on the Motion to Dismiss, "[d]isgorgement in the securities-enforcement context is a penalty within the meaning of §2462, and as so, disgorgement actions must be commenced within five years of the date the claim accrues. *Kokesh v. SEC*, 137 S.Ct. 1635, 1639 (2017). It is unclear what the Defendants' theory is on how disgorgement is not a proper remedy. Certainly, the U.S. Supreme Court was clear that the sole question in *Kokesh* is whether disgorgement is subject to the 2462 limitations period, which it determined it had. Considering this issue "post-*Kokesh*, no court has been persuaded

that disgorgement is no longer an appropriate remedy in an SEC enforcement action." *SEC v. 1 Global Capital LLC*, No. 18-cv-61991-Bloom/Valle, 2019 WL 1670799 (S.D. Fla. Feb. 8, 2019)*, see also SEC v. Brooks*, No. 07-61526-CIV, 2017 WL 3315137, at *8 (S.D. Fla. Aug. 3, 2017); *SEC v. Revolutions Med. Corp.*, No. 12-cv-3298, 2018 WL 205557357, at *3 (N.D. Ga. Mar. 16. 2018) (because the Eleventh Circuit has expressly recognized disgorgement as a proper remedy in enforcement actions, the Court declines to find that *Kokesh* has undermined that authority). This affirmative defense should be stricken.

### Fifth Affirmative Defense "Good faith"

Defendants allege as their fifth affirmative defense that they "acted at all times in good faith, and without knowledge of any act or acts constituting the alleged violations." "Good faith" is not a proper affirmative defense, but a mere denial of an element of the SEC's *prima facie* case, *i.e.,* that Defendants acted with *scienter.  In re Rawson Food Servs., Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense"); *BIH v. SEC,* No. 2:10-CV-577, 2013 WL 1212769 at *3 (M.D. Fla. Mar. 25, 2013) *see also* Fed. R. Civ. P. 8(c)(1) (list of affirmative defenses).[4] Defenses of this type should be stricken.

---

[4] *See*, *SEC v. Jantzen*, Case No. No. A–10–CA–740–JRN, 2011 WL 250322, at *2 (W.D. Texas Jan. 25, 2011). (citing *Am. Gooseneck, Inc. v. Watts Trucking Serv., Inc.*, 159 F.3d 1355, 1355 (5th Cir. 1998) and striking affirmative defenses that were denials of the Commission's *prima facie* case); *United States v. Center for Diagnostic Imaging, Inc.*, 2011 WL 6300174, at *4 (W.D. Wash. Dec. 16, 2011) (striking good faith defense as simple denial of liability).

*Sixth Affirmative Defense: Additional Defenses*

Finally, the sixth and last affirmative defense - "Additional Defenses" - is not actually a defense at all, but instead an explicit reservation of rights so that Defendants might allege even more additional affirmative defenses at some unspecified later time. "Limitations on the time or ability to file affirmative defenses cannot be avoided by 'reserving one's rights' in an answer" and "to do so is a legal nullity." *United States v. Global Mortg. Funding, Inc.*, 2008 WL 5264986, at *5(C.D. Cal. May 15, 2008) (striking a reservation of right because it "is not a proper defense"); *accord Gessele v. Jack in the Box, Inc.*, 2011 WL 3881039, at *7 (D. Ore. Sep. 2, 2011) ("not a valid defense"); *Messick v. Patrol Helicopters, Inc.*, 2007 WL 2484957, at *4 (D. Mont. Aug. 29, 2007) (striking reserved affirmative defenses "because they do not actually assert a defense"). The sixth "affirmative" assertion should be stricken.

## CONCLUSION

For all the reasons set forth in this motion, the Court should strike with prejudice all six affirmative defenses referenced in the Defendants' Answer.

## CERIFICATE OF CONFERRAL

Pursuant to M.D. L. R. 3.01(g), the undersigned conferred with counsel for the

Defendants who are opposed to the relief requested in this motion.

Dated: July 5, 2019          By:     s/Wilfredo Fernandez

Wilfredo Fernandez
Senior Trial Counsel
Fla. Bar No. 142859
Telephone: (305) 982-6376
Facsimile: (305) 536-4154
E-mail:  Fernandezw@sec.gov

Christine Nestor
Senior Trial Counsel
Fla. Bar No. 597211
Telephone: (305) 982-6367
Facsimile: (305) 536-4154
E-mail:  nestorc@sec.gov

**ATTORNEY FOR PLAINTIFF**
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 5, 2019, I electronically filed the foregoing

document via the Court's CM/ECF electronic filing system, which provides notice to all

counsel of record.

By: s/ Wilfredo Fernandez

13