UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES SECURITIES
& EXCHANGE COMMISSION,

    Plaintiff,

v.                                    Case No. 8:19-cv-448-T-33CPT

SPARTAN SECURITIES GROUP, LTD,
ISLAND CAPITAL MANAGEMENT,
CARL DILLEY, MICAH ELDRED,
and DAVID LOPEZ,

    Defendants.

_____/

**ORDER**

    Before this Court is Plaintiff Securities and Exchange Commission's Motion to Strike Defendants' Affirmative Defenses (Doc. # 51), filed on July 5, 2019. Defendants Spartan Securities Group, LTD, Island Capital Management, Carl Dilley, Micah Eldred, and David Lopez responded on July 18, 2019. (Doc. # 56). For the reasons that follow, the Motion is denied.

**I.**    **Background**

    The SEC brings this civil enforcement action against Defendants for their alleged roles in creating nineteen undisclosed blank check companies in violation of the Securities Act of 1933 (Securities Act) and the Securities

1

Exchange Act of 1934 (Exchange Act). (Doc. # 1). Defendant Eldred filed a motion to dismiss the Complaint on April 22, 2019. (Doc. # 22). The remaining Defendants jointly filed a separate motion to dismiss that same day. (Doc. # 23). All Defendants argued, among other things, that most of the SEC's claims were time-barred. (Docs. ## 22 at 27; 23 at 31). The Court disagreed and denied both motions on June 5, 2019. (Doc. # 44).

Defendants filed a joint answer to the action on June 14, 2019, wherein they deny all nineteen counts and assert six affirmative defenses: (1) statute of limitations; (2) waiver/estoppel; (3) unclean hands/bad faith; (4) disgorgement not proper remedy; (5) good faith reliance; and (6) any additional affirmative defenses that might develop. (Doc. # 46 at 69-70). On July 5, 2019, the SEC filed its Motion to Strike all six affirmative defenses. (Doc. # 51). Defendants responded in opposition on July 18, 2019 (Doc. # 56), and the Motion is ripe for review.

II. **Analysis**

The SEC argues that the Court "should strike Defendants' affirmative defenses because the majority of those arguments were already considered and dismissed by the Court in [Defendants'] Motion to Dismiss [or] . . . are simply wrong

2

as a matter of law." (Doc. # 51 at 1). According to the SEC, "an affirmative defense must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." (Id. at 4). According to the SEC, none of Defendants' affirmative defenses allege facts in support and are legally insufficient. (Id. at 5).

This Court has previously held that affirmative defenses are not subject to the pleading standard described in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Hamblen v. Davol, Inc., No. 8:17-cv-1613-T-33TGW, 2018 WL 1493251, at *2 (M.D. Fla. Mar. 27, 2018)("[T]his Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the Twombly pleading standard."). As such, the SEC's "arguments based upon Twombly and its progeny are roundly rejected." Id.

Still, "affirmative defenses are . . . evaluated against the touchstone of Rule 12(f), Fed. R. Civ. P." Grasso v. Grasso, No. 8:13-cv-3186-T-33AEP, 2015 WL 12843863, at *1 (M.D. Fla. Feb. 18, 2015). Rule 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored due to

3

their drastic nature. Id.; see also Hamblen, 2018 WL 1493251, at *3; Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997).

Courts in this District have held that "[a]n affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Hamblen, 2018 WL 1493251, at *3 (quoting Microsoft Corp. v. Jesse's Computs. & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)). An affirmative defense is insufficient as a matter of law if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Jesse's Computs. & Repair, Inc., 211 F.R.D. at 683.

The SEC argues that Defendants' first affirmative defense — that the SEC's claims and recovery are barred by the applicable statute of limitations set forth in 28 U.S.C. § 2462 — should be stricken because the Court already ruled on the issue. Indeed, the Court previously ruled that the relief sought by the SEC in this matter is not barred by the statute of limitations contained within Section 2462. (Doc. # 44 at 20-22).

However, as the SEC acknowledges, "motions to strike defenses are generally not favored." (Doc. # 51 at 3). Such motions "will usually be denied unless the allegations have

4

no possible relation to the controversy and may cause prejudice to one of the parties." Poston v. American President Lines, Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)(citing Augustus v. Board of Public Instruction, 306 F.2d 862 (5th Cir. 1962)). Given that Defendants' first affirmative defense relates directly to the SEC's claims and that the SEC has failed to show it would experience undue prejudice if the Court did not strike the defense, the Court declines to strike Defendants' first affirmative defense.

The SEC next argues that Defendants' second affirmative defense of waiver/estoppel should be stricken because estoppel claims against the government "only lie in the most extreme circumstances." Gibson v. Resolution Trust Corp., 51 F.3d 1016, 1025 (11th Cir. 1995). However, it does not follow that Defendants' second affirmative defense is insufficient as a matter of law simply because such defense is only available in extreme circumstances. As such, the Court declines to strike Defendants' second affirmative defense.

The SEC similarly argues that Defendants' third affirmative defense — that the SEC's claims are barred by the doctrine of unclean hands or bad faith — should be stricken because the defense is "only available in strictly limited circumstances." SEC v. KPMG LLP, No. 03 Civ. 671(DLC), 2003

WL 21976733, at *3 (S.D.N.Y. Aug. 20, 2003). Again, Defendants' affirmative defense is not insufficient as a matter of law merely because such defense generally is not available. Therefore, the Court declines to strike Defendants' third affirmative defense.

The SEC then argues that Defendants' fourth affirmative defense — that the SEC's request for disgorgement is not a proper remedy — should be stricken because the Court previously ruled on the issue. The Court did find that disgorgement in the securities-enforcement context is a penalty within the meaning of Section 2462 as announced in <u>Kokesh v. SEC</u>, 137 S.Ct. 1635, 1639 (2017). (Doc. # 44 at 21). Nonetheless, the Supreme Court expressly did not rule on whether disgorgement is an appropriate remedy in enforcement proceedings. <u>Kokesh</u>, 137 S.Ct. at 1642 n. 3 ("Nothing in this opinion should be interpreted as an opinion on whether courts possess authority to order disgorgement in SEC enforcement proceedings."). Therefore, the Court declines to strike Defendants' fourth affirmative defense because it is not insufficient as a matter of law.

The SEC next argues that Defendants' fifth affirmative defense — that Defendants acted in good faith without knowledge of wrongdoing — is not an affirmative defense and

6

is instead a denial of an element of the SEC's prima facie case. (Doc. # 51 at 11). Still, even if good faith in this context is a denial and not a defense, the SEC fails to provide any grounds for striking the denial/defense. In fact, "[a]ffirmative defenses that . . . are treated as denials by courts within this district . . . are generally not stricken." CFTC v. Montano, No: 6:18-cv-1607-Orl-31GJK, 2019 U.S. Dist. LEXIS 39852, at *3 (M.D. Fla. 2019)(citing Heath v. Deans Food T.G. Lee, No. 6:14-cv-2023-ORL-28, 2015 WL 1524083, at *2 (M.D. Fla. Apr. 2, 2015); Taney v. Holding Co. of the Villages, Inc., No. 5:10-cv-134-Oc-32JRK, 2010 WL 4659604, at *1 (M.D. Fla. Nov. 9, 2010)). So, the Court will not strike Defendants' fifth affirmative defense.

Finally, the SEC argues that Defendants' sixth affirmative defense, in which Defendants reserve the right to add additional affirmative defenses, should be stricken because it is not a defense at all. (Doc. # 51 at 12). The Court agrees that a reservation of rights is not a defense and is ineffective at reserving the right to assert other affirmative defenses. See Wiebe v. Zakheim & Lavrar, P.A., No. 6:12-cv-1200-Orl-18, 2012 WL 5382181, at *3 (M.D. Fla. Nov. 1, 2012)("The Defendant's Eleventh Affirmative Defense is not a defense at all; it is merely an ineffective and

7

unnecessary reservation of right."). Nevertheless, the Court disagrees that the reservation of rights should be stricken. See Moore v. R. Craig Hemphill & Assocs., No. 3:13-CV-900-J-39-PDB, 2014 WL 2527162, at *1 (M.D. Fla. May 6, 2014)(noting that "striking a reservation-of-rights paragraph" is "purposeless"). Thus, the Court declines to strike Defendants' sixth affirmative defense.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Securities and Exchange Commission's Motion to Strike Defendants' Affirmative Defenses (Doc. # 51) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of July, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE