UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO. 19-CV-00448-VMC-CPT

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

v.

**SPARTAN SECURITIES GROUP, LTD.,
ISLAND CAPITAL MANAGEMENT LLC,
CARL E. DILLEY,
MICAH J. ELDRED, and
DAVID D. LOPEZ,**

      **Defendants.**
_____/

## MOTION FOR SANCTIONS FOR FAILURE TO PERSONALLY APPEAR AT MEDIATION

Plaintiff Securities and Exchange Commission ("Commission") hereby moves this Court for sanctions against defendants Carl E. Dilley and Micah J. Eldred. As reflected in the Mediation Report filed by the mediator, defendants Carl E. Dilley and Micah Eldred failed to appear in person[1] for court-ordered mediation in direct contravention of this Court's order and the local rules of court.

The mediation deadline of February 5, 2020 was originally selected by agreement of the parties on April 23, 2019 (D.E. 24). It was subsequently agreed upon again by the parties shortly after new defense counsel entered an appearance. (D.E. 45). On June 17, 2019, the Court entered an Order Appointing the Mediator and approving the date of the mediation as February 5, 2020. (D.E. 48). That date has never waivered.

On the date of the scheduled mediation, two of the three individual defendants failed to

---

[1] Defendant David Lopez attended the mediation in person.

appear in person and did not obtain leave from this Court to be excused from appearing at mediation as required by the Mediation Order and by Local Rule 9.05(c)(D.E. 62, 63).

The Commission therefore seeks monetary sanctions against Carl E. Dilley and Micah Eldred and the corporate entities, sufficient to cover the entire cost of mediation as authorized by the federal rules of civil procedure and this Court's own order. Attached as Exhibit A is the invoice from the mediator.

This Court's Order Appointing Mediator could not have been clearer:

[A]ll counsel, parties, corporate representatives, and any other required claims professional shall be present at the mediation conference with full authority to negotiate a settlement. The Court does not allow mediation by telephone or video conference. Personal attendance is required. See Local Rule 9.05(c).

(D.E. 48).

The Court's Order deliberately tracks Middle District Local Rules of Court Local Rule 9.05(c), which requires that unless excluded by the presiding Judge in writing, all parties, corporate representatives…**shall** be present at mediation. **Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court. (emphasis added).**

In addition, sanctions are also authorized by Fed. R. Civ. P. 16(f) which permits a court to issue any just order, including those sanctions authorized by Rule 37(b)(2)(Failure to comply with a Court Order), if a party fails to obey a pretrial order, such as this Court's mediation order. Rule 16(f)(2) mandates: "[i]nstead of or in addition to any other sanction, the court *must* order the party, its attorney or both to pay the reasonable expenses – including attorney's fees - incurred because of any noncompliance with this rule, unless the noncompliance was substantially unjustified or other circumstances make an award of expenses unjust." (emphasis added). The Commission believes sanctions for this conduct is warranted.

This Court has ordered sanctions for failure to personally appear at mediation and ordered as sanctions, the Commission's share of the full cost of mediation. *King v. Eli Liiy and Company*, 2007 WL 1141512 (M.D. Fla. April 16, 2007).

For the foregoing reasons, the Commission respectfully requests the Court to order $2,750 in sanctions which is the cost of mediation in this case, exclusive of attorney's fees and travel costs.

Dated: February 18, 2020                    Respectfully submitted,

By:/s/Wilfredo Fernandez
Wilfredo Fernandez
Senior Trial Counsel
Fla. Bar No. 142859
Telephone: (305) 982-6376
Facsimile: (305) 536-4154
E-mail:  fernandezw@sec.gov

Christine Nestor
Senior Trial Counsel
Fla. Bar No. 597211
Telephone: (305) 982-6367
E-mail:  nestorc@sec.gov

**ATTORNEYS FOR PLAINTIFF**
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300

**CERTIFICATE OF CONFERRAL**

I hereby certify that the undersigned conferred with opposing counsel under Local Rule 3.01(g) who was opposed to the motion.

By: /s/Wilfredo Fernandez
Wilfredo Fernandez

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 18, 2020, I electronically filed the foregoing document via the Court's CM/ECF electronic filing system, which provides notice to all counsel of record.

By:  s/ Wilfredo Fernandez.