IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE | : | |
| COMMISSION, | : | |
| | : | CASE NO.: 8:19-cv-448-VMC-CPT |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SPARTAN SECURITIES GROUP, LTD., | : | |
| ISLAND CAPITAL MANAGEMENT, | : | |
| CARL E. DILLEY, | : | |
| MICAH J. ELDRED and | : | |
| DAVID D. LOPEZ | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CARL E. DILLEY AND MICAH J. ELDRED'S RESPONSE TO
MOTION FOR SANCTIONS**

Defendants Carl E. Dilley and Micah J. Eldred, through undersigned counsel, respond to
Plaintiff Securities and Exchange Commission's motion for sanctions (Doc. 66) and this Court's
Order to Show Cause (Doc. 67). For the following reasons, the Commission's request for
sanctions should be denied, and this Court should not order sanctions or a second round of
mediation.

Mediation was held on February 5, 2020 in Tampa, Florida. Undersigned counsel
personally appeared at the mediation. Defendant David D. Lopez also personally appeared at the
mediation. Defendant Dilley appeared telephonically at the mediation and was in constant
communication with undersigned counsel during the mediation. Defendant Eldred appeared
telephonically at the mediation and was in constant communication with undersigned counsel

1

during the mediation. Undersigned counsel also had full settlement authority for Defendants Dilley and Eldred, and Defendants Dilley and Eldred were prepared to sign any necessary settlement papers the day of the mediation.

Plaintiff did not make any settlement offer to Defendant Eldred on February 5, 2020 or at any other time during the pendency of this matter. Plaintiff refused to negotiate with Defendant Eldred and refused to consider Defendant Eldred's good-faith settlement proposals.

Plaintiff also did not make any settlement offer to Defendant Lopez or Defendant Spartan Securities Group, Ltd. on February 5, 2020 or at any other time during the pendency of this matter. Plaintiff refused to negotiate with Defendant Lopez or Defendant Spartan Securities Group Ltd. and refused to consider Defendant Lopez or Defendant Spartan Securities Group Ltd.'s good-faith settlement proposals.

Plaintiff did engage in substantive settlement negotiations with Defendant Dilley at the mediation. Plaintiff proposed a settlement agreement with Defendant Dilley, which was relayed directly to him by undersigned counsel. Communicating directly with undersigned counsel, Defendant Dilley actively negotiated the terms of the proposed settlement agreement, and made a counteroffer that, if accepted by Plaintiff, would have resolved the matter against him.

Unfortunately, Plaintiff and Defendant Dilley could not agree to the terms of a settlement agreement and the mediation resulted in an impasse between the two parties. Defendant Dilley's physical absence from the mediation did not affect the settlement negotiations, nor did it have any bearing on the ability of the parties to resolve this matter against Defendant Dilley.

Plaintiff also engaged in substantive settlement negotiations with Defendant Island Capital Management at the mediation, represented in person by Defendant Lopez. Plaintiff proposed a settlement agreement with Defendant Island Capital Management. Defendant Island

Capital Management actively negotiated the terms of the proposed settlement agreement, and proposed a counteroffer that, if accepted by Plaintiff, would have resolved the matter against Defendant Island Capital Management. Unfortunately, Plaintiff and Defendant Island Capital Management could not agree to the terms of a settlement agreement and the mediation resulted in an impasse between the two parties.

Sanctions are not appropriate in this case because Defendant Eldred and Defendant Dilley's physical absence from the mediation conference did not affect Plaintiff's ability to meaningfully engage in good-faith settlement negotiations.

Rule 16(f) sanctions were "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003). Sanctions are generally appropriate only when there is "a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *Id.* Thus, if a mediation is able to proceed as scheduled, even if a party unjustifiably appears "by phone," it should not warrant sanctions if the failure "was not the cause for the impasse at the mediation." *Kahama VI, LLC v. HJH, LLC*, 8:11-cv-2029, 2014 WL 12623681, at * 1 (M.D. Fla. 2014) (Moody, J.); *see also Rhodes v. Lazy Flamingo 2*, Inc., No. 2:14-cv-561, 2015 WL 6083535, at *4 (M.D. Fla. 2015) (Mirando, U.S.M.J.) (even if a party is absent, Local Rule 9.05(e) permits a mediation conference to proceed with the mediator's approval).

Here, sanctions are not appropriate as the conduct of Defendants Dilley and Eldred was not in bad faith, did not delay the proceedings, and did not affect the outcome of the mediation.

First, Defendant Eldred's and Defendant Dilley's physical absence did not affect Plaintiff's ability to negotiate directly with them. Both defendants were in constant

communication with undersigned counsel, and both defendants had given full settlement authority to undersigned counsel. Furthermore, both defendants were fully prepared to enter written agreements the same day of the mediation if an agreement was reached. Indeed, Defendant Dilley actively negotiated with Plaintiff throughout the mediation proceeding, and his physical absence from the mediation had no impact on the resulting impasse. Defendant Dilley and Plaintiff simply could not come to terms.

Of course, Plaintiff was not in the same settlement position, having already informed this Court that attorneys for the Plaintiff would not have settlement authority at the mediation and would not be able to enter into *any* settlement agreement during the mediation. (*See* Doc. 49.) Plaintiff cannot demonstrate, therefore, that it was harmed in any way by Defendant Dilley's physical absence from the mediation.

In addition, because Plaintiff refused to engage in any good-faith negotiations with Defendant Eldred, Defendant Lopez and Defendant Spartan Securities Group, Ltd., it is not entitled to sanctions. Plaintiff was required to engage in good-faith settlement negotiations at the mediation, but it refused to discuss the possibility of settlement for three of the five defendants— Defendant Lopez, Defendant Eldred and Defendant Spartan Securities Group, Ltd. Indeed, undersigned counsel attempted to engage in good-faith settlement discussions concerning all three of these defendants, but Plaintiff refused to entertain them, much less make any settlement offers. Plaintiff's refusal to negotiate on this score was wholly unrelated to Defendant Eldred's physical absence; Plaintiff likewise refused to discuss settlement with Defendant Lopez, despite his in-person attendance. Because Plaintiff refused to participate in the mediation concerning three of the five defendants in this case, including two who were physically present, it is not entitled to seek sanctions.

Next, even if sanctions were appropriate, Defendant Eldred and Defendant Dilley should not have to pay the costs of the full mediation. The mediation involved five defendants, and the parties engaged in settlement talks from the scheduled start time of 10:00 a.m. until after 5:00 p.m. in a good-faith attempt to resolve the allegations against two of them—Defendants Dilley and Island Capital Management. The mediation, therefore, proceeded as the parties anticipated with respect to those defendants. It would be inequitable to force Defendants Dilley and Eldred to reimburse Plaintiff its mediation fees when the mediation went forward and the result of the impasse was wholly unrelated to their appearance by phone.

Plaintiff's reliance on *King v. Eli Lilly and Co.*, 3:05-cv-1235, 2007 WL 1141512 (M.D. Fla. 2007) is also inapposite. To be sure, this Court has wide discretion in setting appropriate sanctions for violations of its orders. However, the plaintiff's conduct in *King* was much more severe than the conduct at issue here. In *King*, the plaintiff refused to appear at a deposition and refused to provide answers to interrogatories despite three motions to compel, and then failed to appear at a mediation. *See* 2007 WL 1141512 at *1-2. Here, all defendants have complied in good faith with Plaintiff's discovery demands, and there is no allegation that they have engaged in any course of misconduct. The isolated conduct at issue here is simply not comparable to that at issue in *King*.

Finally, this Court should not impose sanctions not requested by the Commission, including the costs of a second round of mediation. The first mediation resulted in an impasse independently of Defendant Eldred's and Dilley's appearance by telephone, and another mediation would not be productive. Plaintiff declined to negotiate with Defendant Eldred as a part of a general refusal to discuss settlement with him and Defendants Lopez and Spartan Securities Group, Ltd., even though Defendant Lopez was physically present. Presumably

Plaintiff's position with respect to settlement would not change were it ordered to undergo a second round of mediation. At the same time, the parties did negotiate during the first mediation in good faith for more than seven hours with respect to Defendant Dilley and Island Capital Management. Defendant Dilley's appearance by phone did not prevent these discussions, and the resultant impasse was independent of how he participated in the discussion. Despite these negotiations the parties simply reached an impasse, and another mediation would not alter that outcome.

WHEREFORE, this Court should DENY Plaintiff's motion for sanctions (Doc. 66) and not otherwise order sanctions.

February 19, 2020

Respectfully,

*/s/ Caleb Kruckenberg*
Caleb Kruckenberg
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. N.W., Suite 450
Washington, D.C., 20036
caleb.kruckenberg@ncla.legal
(202) 869-5217
Counsel for Defendants
Appearing *Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2020, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of

record.

Respectfully,

*/s/ Caleb Kruckenberg*
Caleb Kruckenberg
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. N.W., Suite 450
Washington, D.C., 20036
caleb.kruckenberg@ncla.legal
(202) 869-5217
Counsel for Defendants
Appearing *Pro Hac Vice*