IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | : : : : | |
| | : | CASE NO.: 8:19-cv-448-VMC-CPT |
| Plaintiff, | : : : | |
| v. | : : : : | |
| SPARTAN SECURITIES GROUP, LTD., ISLAND CAPITAL MANAGEMENT, CARL E. DILLEY, MICAH J. ELDRED and DAVID D. LOPEZ | : : : : : : | |
| Defendants. | : : | |

## DEFENDANTS CARL E. DILLEY AND MICAH J. ELDRED'S RESPONSE TO MOTION FOR SANCTIONS

Defendants Carl E. Dilley and Micah J. Eldred, through undersigned counsel, respond to Plaintiff Securities and Exchange Commission's motion for sanctions (Doc. 66) and this Court's Order to Show Cause (Doc. 67). For the following reasons, the Commission's request for sanctions should be denied, and this Court should not order sanctions or a second round of mediation.

Mediation was held on February 5, 2020 in Tampa, Florida. Undersigned counsel personally appeared at the mediation. Defendant David D. Lopez also personally appeared at the mediation. Defendant Dilley appeared telephonically at the mediation and was in constant communication with undersigned counsel during the mediation. Defendant Eldred appeared telephonically at the mediation and was in constant communication with undersigned counsel

1

during the mediation. Undersigned counsel also had full settlement authority for Defendants Dilley and Eldred, and Defendants Dilley and Eldred were prepared to sign any necessary settlement papers the day of the mediation.

Defendant Dilley is currently the Chief Operating Officer of Perpetual Industries, Inc., based in Auburn, Indiana. While Defendant Dilley lives in Florida, he must travel to Indiana several times a month to oversee Perpetual Industries' operations.

On February 5th Defendant Dilley was called to Hastings, Michigan to oversee a meeting between the principals of Perpetual Industries and Powrachute, LLC concerning Perpetual's potential acquisition of Powrachute. Because the meeting required the presence of the principals of both Perpetual Industries and Powrachute, it could not be rescheduled. As a result, Defendant Dilley was not able to be physically present at the mediation in Florida but participated in the mediation by telephone.

On February 5th Defendant Eldred was unable to physically attend the mediation because he was caring for his spouse who underwent a medical diagnostic procedure. Defendant Eldred's spouse had been ordered to undergo an outpatient procedure at 8:00 a.m. on February 5th by her treating physician and had to schedule the procedure several months in advance. The procedure required Defendant Eldred's spouse to go under general anesthesia, which meant that she was unable to drive herself home or otherwise care for herself the day of the procedure. Defendant Eldred was unable to find another person able to care for his spouse the day of the mediation, and his spouse was not able to reschedule the procedure because of her physician's limited availability. As a result, Defendant Eldred took his spouse to her medical appointment and cared for her the remainder of the day. He participated in the mediation only by telephone.

This Court should not sanction Defendants Dilley and Eldred because their physical absence at the mediation was not a bad faith and deliberate refusal to comply with this Court's order to participate in the mediation but was instead an excusable failure to physically appear.

Rule 16(f) sanctions were "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003). Sanctions are generally appropriate only when there is "a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *Id.*

Plaintiff's request for sanctions with respect to Defendant Dilley should be denied. Defendant Dilley was not able to physically attend the mediation because he was needed at a meeting in Michigan with the principals of his company Perpetual Industries and Powrachute LLC. The potential acquisition that was the subject of the meeting was time-sensitive, and the meeting of the principals of the two companies could not have been rescheduled. Because of this conflict, Defendant Dilley participated in good faith at the mediation by telephone despite his physical absence. Defendant Dilley did not engage in any unreasonable or vexatious conduct and has not attempted to delay or otherwise frustrate the progress of this case. On the contrary, he has diligently complied with all discovery requests and worked towards the final resolution of this matter. Defendant Dilley's inability to be physically present at the mediation does not rise to the level of conduct for which sanctions would be appropriate.

Plaintiff's request for sanctions with respect to Defendant Eldred should also be denied. Defendant Eldred made a good faith effort to participate in the mediation by telephone even though he was not able to be physically present because he was taking care of his spouse. He did not deliberately delay the proceeding, nor did he engage in any effort to interfere with the orderly

progress of this case. Indeed, Defendant Eldred fully understands the importance of this matter and has worked diligently to move this case towards its scheduled resolution at trial or through dispositive motions. He simply was not able to be physically present for the mediation because of his inability to arrange for another caretaker the day of his spouse's procedure. In these circumstances, sanctions are not warranted for Defendant Eldred's participation in the mediation by telephone.

Plaintiff's reliance on *King v. Eli Lilly and Co.*, 3:05-cv-1235, 2007 WL 1141512 (M.D. Fla. 2007) is inapposite. To be sure, this Court has wide discretion in setting appropriate sanctions for violations of its orders. However, the plaintiff's conduct in *King* was much more severe than the conduct at issue here. In *King*, the plaintiff refused to appear at a deposition and refused to provide answers to interrogatories despite three motions to compel, and then failed to appear at a mediation. *See* 2007 WL 1141512 at *1-2. Here, all defendants have complied in good faith with Plaintiff's discovery demands, and there is no allegation that they have engaged in any course of misconduct. The isolated conduct at issue here is simply not comparable to that at issue in *King*.

Next, even if sanctions were appropriate, this Court should seek a report from the mediator on the conduct of the mediation proceedings to determine the lack of harm to Plaintiff. Local Rule 9.07 provides that mediation proceedings are confidential, but it is procedural and evidentiary rule requiring that "Trial de Novo" shall occur if a mediation conference ends in an impasse. As such, it provides that "[t]he proceedings may not be reported, recorded, placed into evidence, made known to the trial court or jury, or construed for any *purpose as an admission against interest*." Local Rule 9.07(b) (emphasis added).

This rule does not prevent a party from making representations about the conduct of the mediation, nor does it bar the mediator from reporting on the conduct of a mediation. As Judge Moody recognized, if a party alleges that its adversary has failed to participate in good faith at a mediation, and there is no order requiring the mediator to report on the conduct of counsel that falls short of good faith, the party's "only recourse to challenge the issues regarding … good faith" is to describe it in a motion. *Freedom Sci. BLV Grp., LLC v. Orient Semiconductor Elecs., Ltd.*, No. 8:13-CV-569-T-30TBM, 2014 WL 201745, at *2 (M.D. Fla. 2014).

And other Courts in this District have recognized that it is relevant to consider the relative conduct of the parties at the mediation when determining if sanctions are appropriate. As Judge Moody also recognized, if a mediation can proceed as scheduled, even if a party unjustifiably appears "by phone," it should not warrant sanctions if the failure "was not the cause for the impasse at the mediation." *Kahama VI, LLC v. HJH, LLC*, 8:11-cv-2029, 2014 WL 12623681, at * 1 (M.D. Fla. 2014) (Moody, J.); *see also Rhodes v. Lazy Flamingo 2,* Inc., No. 2:14-cv-561, 2015 WL 6083535, at *4 (M.D. Fla. 2015) (Mirando, U.S.M.J.) (even if a party is absent, Local Rule 9.05(e) permits a mediation conference to proceed with the mediator's approval).

Thus, to the extent that this Court considers imposing sanctions for Defendants' Dilley and Eldred physical absence from the mediation, it should also request input from the mediator about the parties' respective conduct at the mediation, and whether Plaintiff suffered any harm from the Defendants' participation by telephone.

Finally, this Court should not impose sanctions not requested by the Commission, including the costs of a second round of mediation. The first mediation resulted in an impasse and Plaintiff did not seek another opportunity to mediate. (Doc. 66). As Plaintiff apparently

agrees that further mediation would not be productive, there is no reason for this Court to order additional proceedings.

WHEREFORE, this Court should DENY Plaintiff's motion for sanctions ([Doc. 66](Doc. 66)) and not otherwise order sanctions.

February 24, 2020

Respectfully,

*/s/ Caleb Kruckenberg*
Caleb Kruckenberg
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. N.W., Suite 450
Washington, D.C., 20036
caleb.kruckenberg@ncla.legal
(202) 869-5217
Counsel for Defendants
Appearing *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Respectfully,

*/s/ Caleb Kruckenberg*
Caleb Kruckenberg
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. N.W., Suite 450
Washington, D.C., 20036
caleb.kruckenberg@ncla.legal
(202) 869-5217
Counsel for Defendants
Appearing *Pro Hac Vice*