UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. SECURITIES & EXCHANGE
COMMISSION,

    Plaintiff,

v.                                Case No. 8:19-cv-448-T-33CPT

SPARTAN SECURITIES GROUP, LTD.,
ISLAND CAPITAL MANAGEMENT,
CARL E. DILLEY, MICAH J. ELDRED,
and DAVID D. LOPEZ,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Securities and Exchange Commission's (SEC's) Motion for Sanctions for Failure to Personally Appear at Mediation (Doc. # 66), filed on February 18, 2020, and this Court's show-cause order dated February 19, 2020. (Doc. # 67). Defendants Carl Dilley and Micah Eldred have responded. (Doc. # 71). For the reasons detailed below, the SEC's Motion is granted, and the Court will impose sanctions as described herein.

**I.  Background**

In February 2019, the SEC filed the instant action against Dilley, Eldred, and three other Defendants alleging various violations of federal securities laws. (Doc. # 1). On

1

June 17, 2019, the Court appointed Brian Mooney as the mediator in this matter and ordered the parties to attend the mediation conference scheduled for February 5, 2020. (Doc. # 48). In that Order, the Court explicitly stated that "all counsel [and] parties . . . shall be present at the mediation conference with full authority to negotiate a settlement. The Court does not allow mediation by telephone or video conference. Personal attendance is required." (Id.).

What's more, in the Case Management and Scheduling Order filed in June 2019, the Court directed that each party "*shall* attend and participate in the mediation conference. . . . The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference." (Doc. # 43 at 10). That Order also stated that the Court does not allow mediation by telephone; personal attendance is required under Local Rule 9.03(c). (Id.).

The mediation occurred on February 5, 2020, but Dilley and Eldred failed to appear personally. (Doc. # 62). Instead, and without prior leave from the Court, they participated by telephone. (Doc. # 63 at 2). The February 5 mediation resulted in an impasse. (Doc. # 62).

On February 18, 2020, the SEC filed the instant Motion for Sanctions, seeking $2,750, which represents their share

2

of the cost of mediation, exclusive of attorney's fees and travel costs. (Doc. # 66 at 3; Doc. # 66-1). Defendants Dilley and Eldred have responded (Doc. # 71) and the Motion is ripe for review.

**II.  Analysis**

Local Rule 9.05(c) provides that:

> Unless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.

Local Rule 9.05(c), M.D. Fla.

On motion or on its own, the Court may issue sanctions for a party or his attorney's failure to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). Courts in this district have authorized sanctions under Rule 16 arising from a party's noncompliance with a court order regarding mediation. See Scott v. K.W. Max Investments, Inc., No. 6:05-cv-683-Orl-18, 2007 WL 80851, *2 (M.D. Fla. Jan. 8, 2007) (granting sanctions, in the form of payment of expenses incurred by a party attending mediation, for failure to appear at mediation in violation of case management and scheduling order).

While the Court has reviewed the Defendants' response (Doc. # 71), the Court does not find that Dilley's and Eldred's noncompliance with this Court's Orders mandating personal attendance at mediation (Doc. ## 43, 48) was substantially justified or excusable. Local Rule 9.05(c) allows parties to petition the Court to be excused from the personal-attendance requirement if, for example, pressing other commitments arise on the day of the scheduled mediation. Although Dilley and Eldred claim that they both had other events impede their ability to attend the mediation personally, it appears that they both had advance notice of these conflicts. If they had informed the Court of such conflicts, the Court could have rescheduled the mediation or made other accommodations. However, neither Dilley or Eldred requested such permission from the Court and, instead, chose to appear by telephone in contravention of this Court's Orders.

In such circumstances, the Court believes that it is amply fair and reasonable for Defendants Dilley and Eldred to bear the costs sought by the SEC in their Motion and the costs of another round of mediation before a Court-appointed mediator. Specifically, Defendants Dilley and Eldred are ordered to pay (1) the $2,750 sought by the SEC with regard

4

to the February 5 mediation, and (2) the reasonable costs, including travel expenses and mediation costs, incurred by the SEC in preparing for and attending a second round of mediation.

Accordingly, the parties are directed to conduct a second mediation before Peter Grilli, Esq., to take place the week of June 15, 2020. The parties are directed to file a Notice of Mediation within 14 days of the date of this Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Sanctions (Doc. # 66) is **GRANTED.** Plaintiff is awarded monetary sanctions in the amount of $2,750 against Defendants Carl E. Dilley and Micah J. Eldred, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 9.05(c). The payment shall be made within 14 days of the date of this Order.

(2) Additionally, Defendants Dilley and Eldred are ordered to pay for the reasonable costs, including travel expenses and mediation costs, incurred by Plaintiff in preparing for and attending a second round of mediation.

(3) The parties are directed to file a Notice of Mediation in conformity with this Order within 14 days.

(4) Counsel for the parties shall confer in a good faith effort to resolve the amount of such reasonable costs. If the parties fail to reach an agreement, Plaintiff may file a motion for assessment of reasonable costs against Defendants, supported by evidence, within 21 days of the scheduled second mediation. Defendants will have an opportunity to respond pursuant to Local Rule 3.01(b).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of February, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE