IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> :     CASE NO.: 8:19-cv-448-VMC-CPT <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : <br> : |
| SPARTAN SECURITIES GROUP, LTD., <br> ISLAND CAPITAL MANAGEMENT, <br> CARL E. DILLEY, <br> MICAH J. ELDRED and <br> DAVID D. LOPEZ | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**JOINT MOTION TO CONTINUE DISCOVERY AND RELATED DEADLINES FOR 60 DAYS**

Plaintiff U.S. Securities and Exchange Commission and Defendants Spartan Securities Group, LTD., Island Capital Management LLC, Carl E. Dilley, Micah J. Eldred and David D. Lopez, through undersigned counsel, jointly move to continue the Case Management and Scheduling Order (Doc. 43), for a period of 60 days. In support of this motion counsel states as follows:

1. The deadline for disclosure of expert reports is currently March 20, 2020.

2. The discovery deadline is currently April 30, 2020.

3. Motions for summary judgment, and other key filings are due May 15, 2020.

4. The final pretrial conference is set for September 24, 2020.

5. Trial term begins on October 5, 2020.

1

6. Considering recent developments with the nationwide outbreak of the novel coronavirus, the parties are unable to complete discovery:

    a. The parties have actively sought discovery and deposed multiple witnesses throughout the discovery process.

    b. The parties have also sought written discovery, including requests for the production of documents and interrogatories.

    c. Counsel for Plaintiff are based in Miami, Florida.

    d. Counsel for Defendants are based in Washington, D.C.

    e. Defendants are based in Tampa, Florida.

    f. Plaintiff and Defendants had scheduled seven additional depositions to occur before the current discovery deadline.

    g. Three depositions were scheduled for non-party fact witnesses employed by the Financial Industry Regulatory Authority ("FINRA") on March 18th and 19th in Washington, D.C.

        1. These witnesses were properly subpoenaed and confirmed their willingness to appear for the depositions.

        2. On March 12, 2020, FINRA informed undersigned counsel that it had instituted a ban on work-related travel for all employees, and that the subpoenaed witnesses would not appear at the depositions as scheduled.

    h. Two fact witnesses employed by the Securities and Exchange Commission are currently scheduled to be deposed on March 30, 2020 in Miami.

        1. Those witnesses were also properly subpoenaed and had agreed to appear.

      2. Plaintiff has directed its employees in Miami to work from home until further notice, and these witnesses will no longer be available to be deposed as scheduled.

i. The parties have also tentatively agreed to conduct four additional depositions in Tampa, including depositions of all defendants.

j. On March 12, 2020, Miami-Dade County declared a state of emergency in response to the outbreak of novel coronavirus.

k. That same day, Washington, D.C., as well as the Commonwealth of Virginia declared states of emergency in response to the virus.

l. On March 13, 2020, President Trump declared a national emergency in response to the outbreak.

m. On March 13, 2020, the Chief United States District Judge for the Southern District of Florida issued an administrative order concerning court operations, and, "in order to … reduce unnecessary travel," continued all jury trials scheduled to begin on or after March 16 and until March 30 pending further order of the Court.

n. As of March 13, 2020, the U.S. Centers for Disease Control and Prevention issued recommendations for mitigation strategies related to coronavirus for the State of Florida, including advising "[i]ndividuals at risk of severe illness" to "[a]void … non-essential air travel," and "every workplace" to "cancel non-essential work travel."

o. On March 14, 2020, the Executive Office of the President, Office of Management and Budget issued a memorandum for all executive departments and agencies,

      advising agencies to suspend all travel that was not "mission-critical," such as that related to the performance of "essential duties related to the protection of life and property."

    p. Undersigned counsel have been ordered by their immediate supervisors to suspend all work-related travel until further notice.

    q. Counsel for Defendants are at heightened risk of severe illness for reasons that can be further described in non-public filings at this Court's request.

    r. The parties are therefore unable to conduct necessary depositions because of the travel restrictions put in place by their employers and by the emergency declarations existing in their respective communities.

    s. Discovery cannot proceed because of these restrictions.

7. This motion is brought more than 60 days in advance of any scheduled trial date, and counsel for all parties have diligently pursued necessary discovery throughout the discovery period.

8. All parties agree that this motion is necessary due to the extraordinary circumstances created by the coronavirus outbreak, and that this motion is not sought to create unnecessary delay.

9. The parties propose the following revised schedule:

    a. Disclosure of Expert Reports, May 19, 2020;

    b. Discovery Deadline, June 29, 2020;

    c. Motions for Summary Judgment, Judgment on the Pleadings, *Daubert* and *Markman* Motions, July 14, 2020;

    d. All Other Motions, October 23, 2020;

   e.   Meeting to Prepare Joint Final Pretrial Statement, November 6, 2020;

   f.   Joint Final Pretrial Statement, November 16, 2020; and

   g.   Mediation Date June 16, 2020.

WHEREFORE, the parties jointly request that this Court continue the existing deadlines in the Case Management and Scheduling Order (Doc. 43) for 60 days.

March 17, 2020

                                                                Respectfully,


*/s/ Caleb Kruckenberg*                              */s/Christine Nestor*
**Caleb Kruckenberg**                                **Christine Nestor**
Litigation Counsel                                   nestorc@sec.gov
New Civil Liberties Alliance                         US Securities & Exchange Commission
1225 19th St. N.W., Suite 450                        801 Brickell Ave Ste 1950
Washington, D.C., 20036                              Miami, FL 33131-4901
caleb.kruckenberg@ncla.legal                         305-982-6376
(202) 869-5217                                       Counsel for Plaintiff
Counsel for Defendants
Appearing *Pro Hac Vice*


*/s/ Kara Rollins*                                   */s/ Wilfredo Fernandez*
**Kara Rollins**                                     **Wilfredo Fernandez**
Litigation Counsel                                   fernandezw@sec.gov
New Civil Liberties Alliance                         US Securities & Exchange Commission
1225 19th St. N.W., Suite 450                        801 Brickell Ave Ste 1950
Washington, D.C., 20036                              Miami, FL 33131-4901
kara.rollins@ncla.legal                              305-982-6376
(202) 869-5210                                       Counsel for Plaintiff
Counsel for Defendants
Appearing *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Respectfully,

*/s/ Caleb Kruckenberg*
Caleb Kruckenberg
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. N.W., Suite 450
Washington, D.C., 20036
caleb.kruckenberg@ncla.legal
(202) 869-5217
Counsel for Defendants
Appearing *Pro Hac Vice*