IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE | : | |
| COMMISSION, | : | |
| | : | CASE NO.: 8:19-cv-448-VMC-CPT |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SPARTAN SECURITIES GROUP, LTD., | : | |
| ISLAND CAPITAL MANAGEMENT, | : | |
| CARL E. DILLEY, | : | |
| MICAH J. ELDRED and | : | |
| DAVID D. LOPEZ, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REQUEST FOR A JURY DETERMINATION OF FACTS
NECESSARY TO DETERMINE PENALTY TIER LEVEL**

Defendants Spartan Securities Group, LTD., Island Capital Management LLC, Carl E. Dilley,

Micah J. Eldred, and David D. Lopez file this pretrial request for a jury determination of any facts

critical to determine the applicable tiers of possible penalties that could be assessed against

Defendants. Defendants have a well-established Seventh Amendment right to a jury trial on the issues

presented in this case. And that right extends to a jury determination of the facts necessary to

determine the statutory minimum and maximum ranges of possible penalties Defendants could face.

To protect Defendants' Seventh Amendment rights, this Court must therefore submit special

interrogatories to the jury concerning the facts necessary to determine any potential penalty level.

**ARGUMENT**

A trial by jury is a "fundamental" component of our system, "and remains one of our most

vital barriers to governmental arbitrariness." *Reid v. Covert*, 354 U.S. 1, 9-10 (1957). Blackstone said,

"[T]he most transcendent privilege which any subject can enjoy, or wish for [is] that he cannot be affected either in his property, his liberty, or his person, but by the unanimous consent of twelve of his neighbors and equals." *Id.* (quoting 3 William Blackstone, Commentaries 379). "The founders of our Nation considered the right of trial by jury in civil cases an important bulwark against tyranny and corruption, a safeguard too precious to be left to the whim of the sovereign, or, it might be added, to that of the judiciary." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 343 (1979) (Rehnquist, J., dissenting).

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]" U.S. Const. amend. VII. "Suits at common law" refers "not merely [to] suits, which the *common* law recognized among its old and settled proceedings, but [to] suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Parsons v. Bedford*, 3 Pet. 433, 447 (1830) (emphasis in original). "Prior to the Amendment's adoption, a jury trial was customary in suits brought in the English *law* courts. In contrast, those actions that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a jury trial." *Tull v. United States*, 481 U.S. 412, 417 (1987). The Seventh Amendment thus applies not only to common-law causes of action, but also to "actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42 (1989) (citation omitted).

SEC enforcement actions prosecuted in federal court fall within the Seventh Amendment's protection. *See SEC v. Jensen*, 835 F.3d 1100, 1106 (9th Cir. 2016) (constitutional right to a jury trial in SEC enforcement action); *SEC v. Smyth*, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005) (noting Seventh Amendment right to a trial by jury in SEC actions). This is because the Supreme Court has held that

a government enforcement action is "clearly analogous to the 18th-century action in debt," which would have been tried in a court of law. *Tull*, 481 U.S. at 420, 422.

The question of whether the Seventh Amendment requires a jury to determine penalties, also depends on whether the penalty was a type traditionally imposed by the courts of law or those of equity. *Id.* at 422. "[E]quitable relief," as its name suggests, was a function of courts of equity and does not come with a guarantee of a jury trial. *See id.* at 425. Other penalties, however, such as a "civil penalty", or forms of "[r]emedies intended to punish culpable individuals," "were issued by courts of law, not courts of equity." *Id.*

When the Seventh Amendment applies to the imposition of penalties, a jury is not *necessarily* required to determine the measure of such damages. *Id.* at 426. Congress may "fix the [amount] of civil penalties" and may "delegate that determination to trial judges" consistent with the Seventh Amendment. *Id.* at 427. This is because the factual determination made by the jury is not a "necessary" component of the damage assessment. *Id.* at 426.

Nevertheless, when the *applicability* of a statutory assessment of damages turns on a *factual* determination, then the Seventh Amendment safeguards the right to have a jury determine the underlying fact(s) giving rise to an assessment of damages. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) ("The right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner.") (emphasis in original). The Seventh Amendment's "aim is not to preserve mere matters of form and procedure, but substance of right. This requires that questions of fact in common-law actions shall be settled by a jury, and that the court shall not assume, directly or indirectly, to take from the jury or to itself such prerogative." *Walker v. New Mexico & S P R Co.*, 165 U.S. 593, 596 (1897). And in *Feltner*, the Court concluded that assessment of damages for willful copyright infringement must be decided by a jury, even though a statute provided the court with the decision to increase damage awards "in the event that 'the court

finds' the infringement was willful." 523 U.S. at 346, 353; *see also* 17 U.S.C. § 504(c)(2) (when infringement is committed willfully, court "may increase the award of statutory damages to a sum of not more than $150,000," whereas if it is found that the "infringer was not aware and had no reason to believe his or her acts constituted infringement," then it is within the court's discretion to reduce damages "to a sum of not less than $200"). Thus, "while *Tull* suggests that the determination of the amount of a civil penalty might be removed from the jury, *Feltner* suggests that remedies issues should normally be left to the jury, at least where they involve factual determinations such as whether the defendant acted willfully." Paul F. Kirgis, *The Right to a Jury Decision on Sentencing Factors After Booker: What the Seventh Amendment Can Teach the Sixth*, 39 Ga. L. R. 895, 934 (2005).

Thus, when the *applicability* of a class of damages turns on the presence of a factual determination of willfulness, then the willfulness question "should be submitted to a jury" consistent with the Seventh Amendment. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1386 (Fed. Cir. 2014) (O'Malley, J., concurring), *vacated and remanded on other grounds by*, 136 S.Ct. 1923 (2016); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Absent sufficient basis for directing the verdict, Richardson has the right of jury determination of this factual question. Willfulness of behavior is a classical jury question of intent. When trial is had to a jury, the issue should be decided by the jury.") (citation omitted); *Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013) (applicability of penalty provision for Fair Labor Standards Act turned on "finding of the jury about willfulness"). After all, the Seventh Amendment says that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States," and thus "when a plaintiff brings legal and equitable claims based on the same facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations in deciding the legal claim." *Jensen*, 835 F.3d at 1112 (citation omitted). Thus, the Seventh Amendment requires that the factual predicates giving rise to an applicable penalty must be found by a jury.

These Seventh Amendment limits track closely with the Court's recent Sixth Amendment jurisprudence. In criminal cases, the Court has firmly established that any fact that "increases the punishment above what is otherwise legally prescribed" "must be submitted to the jury." *Alleyne v. United States*, 570 U.S. 99, 108 (2013). The Sixth Amendment requires that any fact that sets the broad statutory parameters of allowable sentences must be determined by a jury and not a sentencing court. *Id.* at 112-13. Because "in most respects the criminal jury right guaranteed by the Sixth Amendment and the civil jury right guaranteed by the Seventh Amendment have been implemented in coordinate fashion," it makes sense for similar rules to apply in both civil and criminal contexts. Kirgis, 39 Ga. L. Rev. at 902. Indeed, the Court in *Feltner* even recognized that "the awarding of civil penalties to the Government could be viewed as analogous to sentencing in a criminal proceeding." 523 U.S. at 355. Thus, at a minimum, facts that broadly establish the permissible statutory range of penalties in this case must be submitted to the jury.

The applicability of possible ranges of civil penalties in this case turns on *factual* matters that should be decided by the jury. Under both the Securities Act of 1933 and the Exchange Act of 1934, this Court is tasked with determining the applicability of the tiers of monetary penalties only "upon a proper showing" by the SEC in an enforcement action. 15 U.S.C. §§ 77t(d)(1), 78u(d)(1). And the tiers set both a statutory floor and ceiling for applicable damages. *See id.* While the statutes say the "amount of the penalty shall be determined by the court," the three tiers depend on certain factual predicates. *Id.* at §§ 77t(d)(2)(A), 78u(d)(3)(B). Notably, for Second and Third Tier penalties, there must first exist a factual basis for concluding that the violations resulted in a set amount of "pecuniary gain" for the defendant, a finding of "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," or "substantial losses or … a significant risk of substantial losses to other persons." *Id.* at §§ 77t(d)(2)(B), (C), 78u(3)(B)(ii), (iii).

Because Defendants have a Seventh Amendment right to a jury determination of the *facts* at issue in this case, they also have a constitutional right to have the jury determine those facts that might be necessary for classification of penalties. In other words, in addition to deciding whether any violations occurred, the jury must also decide the essential facts needed to determine which tier (if any) applies to any potential violation. The jury should therefore be presented with questions concerning any "pecuniary gain" obtained by any defendant, whether any defendant acted with "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," or whether there were any "substantial losses or … a significant risk of substantial losses to other persons." *See* 15 U.S.C. §§ 77t(d)(2)(B), (C), 78u(3)(B)(ii), (iii).

## CONCLUSION

If the jury returns any verdict for Plaintiff finding liability, this Court should also submit special interrogatories to the jury concerning the facts needed to determine the appropriate tier level of civil penalties.

Dated: November 6, 2020

Respectfully Submitted,

*/s/ Caleb Kruckenberg*
**Caleb Kruckenberg**
Litigation Counsel
**Kara Rollins**
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC, 20036
caleb.kruckenberg@ncla.legal
(202) 869-5210
Counsel for Defendants
Appearing *Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 6, 2020, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Respectfully,

<u>/s/ Caleb Kruckenberg</u>
Caleb Kruckenberg
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC, 20036
caleb.kruckenberg@ncla.legal
(202) 869-5210
Counsel for Defendants
Appearing *Pro Hac Vice*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)</u>

On November 5, 2020 Defendants' counsel conferred with counsel for Plaintiff. Plaintiff indicated that it is opposed to this motion.

<u>*/s/ Caleb Kruckenberg*</u>
Caleb Kruckenberg
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC, 20036
caleb.kruckenberg@ncla.legal
(202) 869-5210
Counsel for Defendants
Appearing *Pro Hac Vice*