IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> :   CASE NO.: 8:19-cv-448-VMC-CPT <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : <br> : |
| SPARTAN SECURITIES GROUP, LTD., <br> ISLAND CAPITAL MANAGEMENT, <br> CARL E. DILLEY, <br> MICAH J. ELDRED and <br> DAVID D. LOPEZ, | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
OMNIBUS MOTION *IN LIMINE* (ECF NO. 123)**

    Defendants Spartan Securities Group, Ltd. ("Spartan"), Island Capital Management LLC d/b/a Island Stock Transfer ("Island"), Carl E. Dilley, Micah J. Eldred, and David D. Lopez (collectively "Defendants") oppose the Securities and Exchange Commission's ("SEC") omnibus motion *in limine*.

**LEGAL STANDARD**

    Motions *in limine* "give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Bostick v. State Farm Mut. Auto. Ins. Co.*, No. 8:16-CV-1400-T-33AAS, 2017 WL 3123636, at *1 (M.D. Fla. July 21, 2017) (internal citations omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds" and retains the right to reconsider the motion

at any point during trial. *USAA Gen. Indem. Co. v. Snow*, No. 8:19-CV-944-T-33TGW, 2020 WL 4432429, at *6 (M.D. Fla. July 31, 2020) (quoting *In re Seroquel Prod. Liab. Litig.*, No. 606MD-1769-ORL-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009)). In considering such motions, district courts possess "broad discretion to determine the admissibility of evidence." *St. Cyr v. Flying J Inc.*, No. 3:06CV13-J-33TEM, 2007 WL 2729584, at *2 (M.D. Fla. Sept. 18, 2007) (citing *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)).

"The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *In re Seroquel Prod. Liab. Litig.*, WL 260989, at *1. "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *USAA Gen. Indem. Co.*, 2020 WL 4432429, at *2 (quoting *In re Seroquel Prod. Liab. Litig.*, WL 260989, at *1). Rather, "denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Id.* (quoting *In re Seroquel Prod. Liab. Litig.*, WL 260989, at *1) ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*."); *see also Bostick*, 2017 WL 3123636, at *1 (same).

Under Federal Rule of Evidence 402, irrelevant evidence is not admissible at trial. Relevant evidence—evidence that "has any tendency to make a [consequential] fact more or less probable"—may be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 401, 403.

**ARGUMENT**

1. **The Court Should Not Exclude Mr. Harmon's Opinion and Testimony Regarding UCC Laws Because They Are Relevant**

As argued in Defendants' Response in Opposition to Plaintiff's *Daubert* Motion to Exclude the Testimony of Defendant Island Capital Management LLC's Proposed Expert Witness Mark A. Harmon, *see* ECF No. 112, SEC continues to misunderstand the legal and regulatory framework governing transfer agent industry practice. *See id.* at 12, 14-20. Defendants readopt and incorporate their prior arguments on this issue here but highlight key arguments they previously submitted that establish why SEC's motion *in limine*, like its *Daubert* motion seeking similar relief, should fail.[1]

An expert's opinion and testimony are helpful, and admissible, if they "'assist[] the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.'" *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1292 (11th Cir. 2005) (citation omitted). Expert testimony is helpful if it "concerns matters that are beyond the understanding of the average lay person." *U.S. v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). This *Daubert* consideration "'goes primarily to relevance.'" *SEC v. Hall*, No. 15-23489-CIV, 2017 WL 3635109, at *2 (S.D. Fla. Jan. 4, 2017) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993)). Thus, analyzing whether an expert's opinion and testimony are helpful is coextensive with the analysis of whether such is relevant and admissible.

"[I]n securities cases, expert testimony commonly is admitted to assist the trier of fact in understanding trading patterns, securities industry practice, securities industry regulations, and complicated terms and concepts." *SEC v. Johnson*, 525 F. Supp. 2d 70, 77 (D.D.C. 2007); *see also SEC*

---

[1] The cases relied on in support of SEC's Motion *in Limine* No. 1 are the same as those cited in SEC's *Daubert* motion. *Compare* ECF No. 100 at 6, 10-11 *with* ECF No. 123 at 3, 4.

*v. Big Apple Consulting USA, Inc.*, No. 6:09-CV-1963-ORL-28, 2011 WL 3753581, at *4 (M.D. Fla. Aug. 25, 2011) (same); *Hall*, 2017 WL 3635109, at *2 ("Courts have found testimony regarding the security industry's standards and brokerage firm's rules relevant in securities fraud cases.").

Here, SEC continues to ignore the fact that transfer agents are required to follow numerous state and federal regulations simultaneously. Transfer agents, like Defendant Island, do not operate in a vacuum. Rather, they operate within the confines of *all* regulatory requirements, state and federal, that apply to any given action they take. That these various regulations may conflict with each other, or that compliance with one regulatory scheme informs or modifies how a transfer agent complies with another is an important consideration to understand *how* transfer agents operate and whether their actions are reasonable under the circumstances.

The Uniform Commercial Code ("UCC") § 8-401 and 17 C.F.R. § 240.17Ad-2 are two such laws or regulations that place duties on transfer agents. A transfer agent's duty under the law does not change because SEC only wants to focus on one part of the law. Nor does it make the existence of such a regulatory scheme irrelevant to the current matter. Quite the opposite. Whether Defendants' actions were reasonable, and fall within industry norms, necessarily involves an analysis and determination considering the bases of their actions, including Defendants' need to comply with *all* relevant laws and regulations, not just the ones SEC singles out or alleges violations of. That the SEC makes no allegations under the UCC, does not make the UCC irrelevant because the UCC placed controlling obligations on the Defendants when they recorded the transfers.

Despite SEC's arguments to the contrary, consideration of the obligations under UCC § 8-401 and 17 C.F.R. § 240.17Ad-2 and how transfer agents address those obligations are relevant. And providing the jury with such information will not confuse the jury. Instead, it will "assist the trier of

fact in understanding trading patterns, securities industry practice, securities industry regulations, and complicated terms and concepts." *Johnson*, 525 F. Supp. 2d at 77.

Mr. Harmon will not opine about the scope of § 5 or the ultimate question of whether Defendants are liable under the alleged statutes and regulations. Instead, he will help guide their understanding of the industry, and help contextualize the complex questions the jurors must answer. Mr. Harmon's opinion and testimony should not be excluded, and SEC motion *in limine* No. 1 should be denied.

2. **The Court Should Not Exclude References to Charging Decisions**

Defendants do not intend to make any arguments "referring to the Commission's exercise of discretion to charge, or not to charge, entities and individuals involved in or related to the Commission's investigation and this subsequent litigation." ECF No. 123 at 5.

However, Defendants intend to argue a related but separate issue that tangentially relates to charging decisions—that examiners for SEC and the Financial Industry Regulatory Authority ("FINRA") reviewed many of the documents and materials SEC is likely to rely on at trial and those examiners did not find evidence of the fraud SEC now alleges and bears the burden of proving. *See, e.g.,* ECF No. 102 at 24-25, 26, 28 n.9; ECF No. 113 at 34. These arguments go directly to an essential element of SEC's case, whether Defendants complied with the "reasonable basis" standard under Rule 15c2-11 or acted with requisite scienter for the fraud charges. *See id.*; *see also infra* Sections 5, 6. Indeed, courts have relied on both legal uncertainty in the scope of regulatory obligations as well as inconsistent guidance from the SEC as factors *disproving* scienter. *See, e.g.,*, *Howard v. S.E.C.*, 376 F.3d 1136, 1146 (D.C. Cir. 2004) ("[i]n light of the uncertainties about the meaning" of the rule, as well as outside counsel having approved course of action, Respondent could not be deemed to have acted

with "extreme recklessness"). Thus, any testimony or evidence in support of Defendants' argument on this point is relevant and admissible and should not be excluded.

For these reasons, SEC motion *in limine* No. 2 should be denied.

3. **Testimony Regarding Opinion of Defendants' Intent and State of Mind Should Not Be Excluded If It Is Rationally Based on the Witness's Perception, First-hand Knowledge, and Observation**

Rule 701 is not as restrictive on lay witness testimony as SEC suggests. *See United States v. Tercier*, No. 18-10992, 2020 WL 6689902, at *10 (11th Cir. Nov. 13, 2020) ("Lay testimony is properly permitted when it is 'rationally based on ... perception, first-hand knowledge, and observation,' and 'helpful to the jury.'") (quoting *United States v. Rivera*, 780 F.3d 1084, 1095 (11th Cir. 2015)). Under Rule 701, "a lay witness may offer opinions that are: '(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *United States v. Hill*, 643 F.3d 807, 840–41 (11th Cir. 2011) (quoting Fed. R. Evid. 701).

As noted by the Court in *Hill*, "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." 643 F.3d at 841. For example, the Eleventh Circuit has recognized that officers or employees of a company may offer opinion testimony related to "industry standards" and reasonableness of actions "based upon their particularized knowledge garnered from years of experience within the field." *See Tampa Bay Shipbuilding & Repair Co v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213, 1217, 1219, 1220, 1223 (11th Cir. 2003). Rule 701 also permits a witness to testify about their perceptions of conversations, the accuracy of which is a question for the jury. *See Rivera*, 780 F.3d at 1094 (quoting *United States v. Davis*, 787 F.2d 1501, 1505 (11th Cir.1986)).

In the context of this case, Defendants' knowledge and understanding of industry standards, and the reasonableness of their actions relative to those standards is relevant to whether Defendants are liable as SEC charges. Their testimony will also help the jury understand Defendants' processes for preparing and submitting Form 211 applications and fulfilling transfer agent obligations. Likewise, they should be permitted to testify about their perceptions of conversations they may or may not have had with others that relate to the issues of this case. This evidence all goes to whether the Defendants acted with a conscious disregard for known legal obligations. *See Howard*, 376 F.3d 1136, 1146 (D.C. Cir. 2004) ("uncertainties about the meaning" of relevant to show lack of "extreme recklessness").

SEC's motion is also speculative, nonspecific, and premature. Motions *in limine* may be used to exclude evidence when such evidence "is clearly inadmissible on all potential grounds." *USAA Gen. Indem. Co.*, 2020 WL 4432429, at *6 (quoting *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1). Without knowing what specific evidence or argument SEC seeks to exclude, it is impossible to know if such evidence is inadmissible on all potential grounds. Any such objections should be reserved for trial so they may be considered in the context of the witness's testimony.

For these reasons, SEC motion *in limine* No. 3 should be denied.

4. **Investor Reliance/Statements Not Made to the Investing Public/Loss Causation Should Not Be Excluded**

The four types of evidence or argument that SEC seeks to preclude are either irrelevant to this case or are critical elements of the SEC's case. First SEC seeks to preclude evidence or argument that "[Defendants] believed their conduct would not harm investors" and argues that "it is irrelevant for liability purposes whether a defendant held an honest belief that his deceptive conduct would not harm investors." ECF No. 123 at 6. SEC's concern about such evidence or argument being introduced is misplaced. Throughout the investigation and this proceeding Defendants have continued to maintain their innocence regarding all alleged violations. At no time have Defendants put forth

7

evidence or argument that they believed their conduct would not harm investors because it is their sincere belief that their conduct did not violate the securities laws at all. Thus, they had no reason to consider whether their conduct would harm investors.

The second and third types of evidence or argument SEC seeks to preclude are those that would show that "misrepresentations and false statements were not made to the investing public" or that "investors did not rely on the misrepresentations and omissions at issue." ECF No. 123 at 6. However, in order to prevail on the alleged Rule 10b-5 violations or under § 17(a), SEC must set forth facts showing that "the misrepresentations in question were disseminated to the public in a medium upon which a reasonable investor would rely, and that they were material when disseminated." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 176 (3d Cir. 2000) (discussing 10b-5); *see also* ECF No. 102 at 38-41. SEC must also show that Defendants acted with scienter. *See Semerenko*, 223 F.3d. at 174; *see also S.E.C. v. Merch. Capital, LLC*, 483 F.3d 747, 766 (11th Cir. 2007).

If SEC is to prevail at trial, it must establish that the alleged misrepresentations and false statements were not only made to the public but also that they were made "in a medium upon which a reasonable investor would rely" with the requisite scienter. *Semerenko*, 223 F.3d at 174, 176. Thus, evidence or argument that the alleged misrepresentations or false statements were never made, were never disseminated to the public in a means by which a reasonable investor would rely, or were not made with the requisite scienter is relevant to determining whether a Rule 10b-5 violation or a violation under § 17(a) occurred. Such evidence or argument will not confuse the jury. In fact, the opposite is true. SEC *must* show that the alleged misrepresentations or false statements were disseminated to the public with the requisite scienter, and the Defendants have a right to provide evidence or argument to the contrary.

8

Finally, the SEC seeks to preclude evidence or argument that "investors have not suffered, and will not suffer, any losses as a result of Defendants' actions." ECF No. 123 at 6. This categorical preclusion seems irrelevant to the case at this time. However, assuming SEC prevails, such evidence may be relevant at the damages stage and should not be precluded prematurely.

This motion is also speculative and premature. Motions *in limine* may be used to exclude evidence when such evidence "is clearly inadmissible on all potential grounds." *USAA Gen. Indem. Co.*, 2020 WL 4432429, at *6 (quoting *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1). At this point, it is hard to determine whether any evidence or argument SEC seeks to generally preclude will be provided at trial, and if so, whether such evidence or argument is subject to admission for other permissible reasons under the rules. Any such objections should be reserved for trial so they may be considered in the context of the witness's testimony.

For these reasons, SEC motion *in limine* No. 4 should be denied.

5. **FINRA's Clearance of Form 211 Applications and the SEC's Acceptance of S-1 Registration Filings Should Be Allowed to Be Presented at Trial**

As a preliminary matter, SEC has again incorrectly stated Defendants' duties under the law. SEC improperly says or intimates that Defendants were required to conduct "due diligence" in determining the accuracy and adequacy of the information in the Form 211 and S-1 filings. However, the Commission has consistently stated that the obligations set out in Rule 15c2-11 are less onerous than a "due diligence" standard. *See* ECF No. 102 at 20-21, 24-25.

SEC also misstates or misunderstands why Defendants have relied on and are permitted to continue relying on FINRA's examination and clearance of Form 211 applications and the SEC's acceptance of S-1 registration filings.

First, FINRA's examination and clearance of Form 211 applications submitted by Defendants on behalf of issuers illustrates that Defendants had a "reasonable basis" for the accuracy of the

9

information presented in the Form 211 applications which was provided by the issuers. *See* ECF No. 102 at 24 (describing FINRA's Form 211 application review and clearance process). That fact is relevant to the question of whether Defendants complied with the "reasonable basis" standard under Rule 15c2-11. *See also supra* Section 2; *infra* Section 6.

Second, under the law, persons preparing Form 211 applications are permitted to rely on information contained in S-1 registration filings. *See* [17 C.F.R. § 240.15c2-11(a)](). For the purposes of Rule 15c2-11, information collected from SEC-accepted S-1 registration filings is reliable. *See [Publ'n or Submission of Quotations Without Specified Information]()*, SEC Release No. 34-41110, 64 FR 11124, 11148 ("[b]ecause documents filed with the Commission are subject to liability provisions, a broker-dealer generally can reach a reasonable belief as to the accuracy of information contained in these documents."). That information provided by SEC-accepted S-1s is reliable is relevant to the question of whether Defendants complied with the "reasonable basis" standard under Rule 15c2-11. *See also supra* Section 2; *infra* Section 6. Also, the fact that information provided in SEC-accepted S-1s may have been untrue is relevant to this case and to SEC's burden of establishing that Defendants somehow failed to meet Rule 15c2-11's "reasonable basis" standard.

As discussed in Sections 2 and 6, Defendants intend to argue and provide evidence that both SEC and FINRA examiners, who conducted oversight of Defendants, did not find evidence of fraud. *See, e.g.,* ECF No. 102 at 24-25, 26, 28 n.9; ECF No. 113 at 34.

Defendants take issue with SEC's accusation that they will "blame others" at trial and their attempt to preclude such evidence or arguments at trial. Such an accusation is inappropriate and does not warrant a response.

For these reasons, SEC motion *in limine* No. 5 should be denied.

### 6. Impressions of SEC and Unrelated SEC Matters Should Not Be Excluded

SEC is incorrect that the adequacy of SEC's regulatory oversight, SEC's charging decisions in this case, or the size and resources available to SEC, the Government, and FINRA, or other regulatory body are irrelevant to this case. All these issues relate to an essential element of SEC's case, whether Defendants complied with the "reasonable basis" standard under Rule 15c2-11. *See also supra* Sections 2, 5.

As discussed above, Defendants intend to argue and provide evidence that both SEC and FINRA examiners who conducted oversight of Defendants, including onsite reviews that lasted for weeks, did not find evidence of fraud that SEC now alleges and bears the burden of proving *See, e.g.,* ECF No. 102 at 24-25, 26, 28 n.9; ECF No. 113 at 34. Specifically, as it relates to resources, the resources of Defendants—who did not and, under the law, could not be compensated for preparing Form 211 applications—have significantly fewer resources at their disposal than either SEC or FINRA. That SEC and FINRA examiners, with all their resources to conduct oversight of Defendants, reviewing the same documents as Defendants did not find any evidence of fraud is relevant to this case. The fact that despite these reviews SEC still charged Defendants is relevant to this case. Any testimony or evidence in support of Defendants' argument on these points is admissible and should not be excluded.

For these reasons, SEC motion *in limine* No. 6 should be denied.

### 7. Michael Daniels's Affidavit Should Not Be Precluded from Admission at Trial If Provided for a Proper Purpose Under the Federal Rules of Evidence

Defendants agree that Mr. Daniels's affidavit constitutes hearsay under Fed. R. Evid. 801(c), 802, and do not intend to use the affidavit as such. However, the affidavit may be admissible for other reasons such as to prove inconsistency with testimony. *See* Fed. R. Evid. 801(d). But whether such use would be necessary is unknown now. Thus, it is premature to categorically exclude Mr. Daniels's

affidavit at this time. *USAA Gen. Indem. Co.*, 2020 WL 4432429, at *6 ("A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds.") (quoting *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1).

Mr. Daniels appeared at his properly noticed January 2020 deposition, but testified that he had an ongoing medical condition that precluded him from speaking above a faint whisper. *See* ECF No. 123-1 at 4:18-25. At that deposition, SEC reserved its right to recall Mr. Daniels to testify to the extent he is able to do so. *Id.* at 6:3-6. To Defendants' knowledge, between Mr. Daniels's January 2020 deposition and its July 2020 attempt to depose Mr. Daniels, SEC never attempted at any time to gather testimony or evidence, written or oral, from Mr. Daniels.

SEC's notice objection and objection based on Mr. Daniels's alleged failure to appear for his second deposition is absurd and should have no bearing on the determination of this motion *in limine*.[2] SEC omits in its motion the fact that Mr. Daniels's second deposition was not properly noticed by SEC, in violation of both the Local Rules and the Federal Rules of Civil Procedure.

On July 22, 2020, SEC issued a subpoena to Mr. Daniels, as well as another non-party fact witness, and provided a Notice of Taking Depositions and Issuance of Related Subpoenas to Defendants' counsel in violation of the Local Rules and the Federal Rules of Civil Procedure.[3] Local Rule 3.02 requires that unless stipulated by all parties pursuant to Fed. R. Civ. P. 29 or excepted to

---

[2] This case was filed in early 2019 and had been in discovery for 18 months when Defendants produced an affidavit provided to them by Mr. Daniels. Despite this expansive discovery period, SEC's first deposition in this case occurred one and a half weeks prior to the close of discovery. Defendants are cognizant of the logistical difficulties raised by the COVID-19 pandemic. However, that does not excuse SEC's failure to diligently pursue discovery in this case. Indeed, Defendants noticed and completed their first depositions in this matter in December 2019, completed additional depositions in January 2020, and had scheduled depositions in March 2020 that were postponed until June due to COVID-19 shutdowns.

[3] Defendants objected to both subpoenas by letter that same day.

12

under Fed. R. Civ. P. 30(a)'s delineated circumstances, "a party desiring to take the deposition of any person upon oral examination shall give at least 14 days' notice in writing to every other party to the action and to the deponent (if the deponent is not a party)."

The parties had not entered a stipulation agreement under Fed. R. Civ. P. 29, nor did the subpoena fall within the excepted circumstances contemplated by Fed. R. Civ. P. 30(a). The subpoena issued to Mr. Daniels was noticed for Tuesday, July 28, 2020, providing only six days' written notice of the deposition. *See Buckles v. Focus on Innovation, Inc.*, No. 6:13-CV-1198-ORL-36, 2014 WL 988765, at *2 (M.D. Fla. Mar. 10, 2014) (a non-party fact witness has an "interest in being served with a subpoena and in having a reasonable amount of time to include [their] deposition in [their] schedule"); *see also Regions Bank v. Legal Outsource PA*, No. 214CV476FTM29MRM, 2016 WL 11644379, at *10 (M.D. Fla. May 3, 2016) (nine-day written notice is insufficient under Local Rule 3.02). The subpoena issued to Mr. Daniels was therefore unlawful under the Local Rules and the Federal Rules of Civil Procedure.

Further, in its haste to depose Mr. Daniels, despite knowing of his existence and possible relevant testimony since at least April 2017 (when he was first deposed by SEC investigators), SEC also failed to inform Defendants of the intended dates of the deposition. *See Middle District Civil Discovery Handbook* at II.A.1. (Rev. June 5, 2015); *see also Buckles*, No. 6:13-CV-1198-ORL-36, 2014 WL 988765, at *1 ("While not binding on the parties or the Court, [the Middle District Discovery Handbook] provide[s] useful guidance to all concerned.").

SEC's failure to diligently pursue discovery does not warrant the exclusion of Mr. Daniels's Affidavit, if it is provided for a permissible purpose under the Federal Rules of Evidence.

For these reasons, SEC motion *in limine* No. 7 should be denied.

8. **Age of Conduct**

SEC is incorrect in its assertion that this Court's ruling on the Motion to Dismiss regarding the age of Defendants' alleged conduct is "the law of the case." First, the Court's prior decision was rendered at the motion to dismiss stage, which involves a different legal standard than a case being determined on the merits after the development of a record. *Compare* ECF No. 44 at 4 ("On a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff.") (citing *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1261 (11th Cir. 2004)) *with Scharba v. Braden*, No. 8:07-CV-1294-T-33TBM, 2008 WL 11336591, at *1 (M.D. Fla. Aug. 25, 2008) ("If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor") (citing *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003)). To survive a Rule 12(b)(6) motion, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard is a far cry from the standard applied at the summary judgment stage—"that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That SEC pled enough to have its claims survive a motion-to-dismiss-stage statute of limitations challenge does not mean it has ultimately prevailed on the merits of its argument.

Defendants properly reraised their challenge that most of SEC's claims are based on conduct outside the five-year statute of limitations period in their motion for summary judgment. *See* 28 U.S.C. § 2462; *see also* ECF No. 102 at 15-19. That motion is still pending before this Court. Until such time that the Court rules on that motion, Defendants should not be precluded from arguing that most of the alleged conduct occurred outside of the statute of limitations period.

For these reasons, SEC motion *in limine* No. 8 should be denied.

**AGREED-TO STIPULATIONS**

Defendants have reviewed and do not object to the stipulations outlined by SEC because they accurately reflect the agreed-to stipulations between the parties.

**CONCLUSION**

Defendants respectfully request this Court to deny SEC's omnibus motion *in limine*.

Dated: November 20, 2020                                        Respectfully Submitted,

*/s/ Kara Rollins*
Kara Rollins
Litigation Counsel
Caleb Kruckenberg
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC, 20036
Kara.Rollins@ncla.legal
(202) 908-6203
Counsel for Defendants
Appearing *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Respectfully,

*/s/ Kara Rollins*
Kara Rollins
Litigation Counsel
Caleb Kruckenberg
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC, 20036
Kara.Rollins@ncla.legal
(202) 908-6203
Counsel for Defendants
Appearing *Pro Hac Vice*