UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO. 19-CV-00448-VMC-CPT

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

SPARTAN SECURITIES GROUP, LTD.,
ISLAND CAPITAL MANAGEMENT LLC,
CARL E. DILLEY,
MICAH J. ELDRED, and
DAVID D. LOPEZ,

  Defendants.
_____/

### PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO DEFENDANTS' REQUEST FOR A JURY DETERMINATION OF FACTS NECESSARY TO DETERMINE PENALTY TIER LEVEL

 Plaintiff Securities and Exchange Commission (the "Commission") responds to Defendants Spartan Securities Group, Ltd., Island Capital Management LLC, Carl E. Dilley, Micah J. Eldred, and David D. Lopez's Request for a Jury Determination of Facts Necessary to Determine Penalty Tier Level [DE 122] ("Motion") as follows:

#### I. INTRODUCTION

 In the Motion, Defendants incorrectly attempt to expand the Seventh Amendment to require that a jury make factual determinations regarding the applicable tiers of civil penalties, including the statutory minimum and maximum ranges. Defendants' analysis is flawed, and the case law cited in the Motion simply does not support their request. In *Tull v. United States*, 481 U.S. 412 (1987), the Supreme Court held that a determination of a civil penalty is not an essential function of a jury trial, and that the Seventh Amendment does not require a jury trial

for that purpose in a civil action. Courts of appeals have applied *Tull* in the context of civil penalties under the federal securities laws and rejected expanding the jury's role to include fact-finding related to the remedies phase. While Defendants are entitled to a jury trial on liability, once the jury determines liability, the judge may make factual findings and rely on such findings in assessing the amount of civil penalties so long as the court's findings do not conflict with the jury's findings as to liability. Defendants' proposed creation of an extra layer of consideration by the jury, via special interrogatories concerning which tier of civil penalty to assess, is unnecessary and impinges upon the trial court's statutorily delegated responsibility to exercise its discretion in determining the amount of civil penalty under the Securities Exchange Act and Securities Act. Therefore, the Court should deny Defendants' Motion.

## II.     ARGUMENT

Among other relief, the Commission seeks imposition of civil money penalties against Defendants pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). Both sections specifically provide that courts have the authority to determine the amount of the penalty for securities law violations. *See* 15 U.S.C. § 77t(d)(2)(A) ("The amount of the penalty shall be determined by the court in light of the facts and circumstances."); 15 U.S.C. § 78u(d)(3)(B) (same). Defendants argue that the applicability of possible ranges of civil penalties in this case (consisting of First, Second and Third tier) turns on factual matters because, for example, the Second and Third tier penalties apply if the violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" or "resulted in substantial losses or created a significant risk of substantial losses to other persons," respectively. Defendants then conclude that a jury must

determine those factual matters because that is traditionally the province of the jury under the Seventh Amendment. However, neither of the statutes nor case law recognizes such a theory.

The starting point for the analysis is *Tull v. United States*, 481 U.S. 412 (1987). *Tull* involved a provision of the Clean Water Act that permitted the district court to assess a monetary fine not to exceed $10,000 per day during the period of the violation. The Court concluded that the district court could decide all contested facts other than the underlying liability determination, holding that the Seventh Amendment requires only that the jury make a determination as to the defendant's liability and that the trial court – and not the jury – "should determine the amount of [the] penalty, if any." *Id*. at 414, 427. The Court explained that "a determination of a civil penalty is not an essential function of a jury trial, and [therefore] the Seventh Amendment does not require a jury trial for that purpose in a civil action." *Id*. at 427. *Tull* thus makes clear that the Seventh Amendment does not require the jury to make any factual determinations in the assessment of the civil penalty, including fact-finding relating to the statutory maximum.

Courts of appeals have applied *Tull* in the context of civil penalties under the Exchange Act and Securities Act as well. In *SEC v. Life Partners Holdings, Inc.,* 854 F.3d 760, 781-782 (5th Cir. 2017), after the jury's liability verdict, the district court assessed second-tier penalties finding that defendants' conduct was, at the very least, reckless. The defendants argued that the district court erred in imposing second-tier penalties because the jury verdict did not establish any "fraud, deceit, manipulation or deliberate or reckless disregard of a regulatory requirement as 15 U.S.C. § 78u(d)(3)(B)(ii) requires." *Id.* at 781. Defendants insisted that only the jury can find the predicate facts for the imposition of second-tier violations. *Id.* The

3

SEC relied upon *Tull*, arguing that a jury need only determine the defendants' liability and that the actual amount of civil penalties is left to the discretion of the district court. *Id.* The appellate court rejected defendants' argument, noting that, at the remedies stage, trial judges may make factual findings and rely on such findings in assessing the amount of civil penalties as long as the court's findings do not conflict with the jury's findings as to liability. *Id.* at 782 (citing *SEC v. Capital Sols. Monthly Income Fund LP*, 818 F.3d 346, 354-55 (8th Cir. 2016). The appellate court concluded that, rather than conflict with the jury's verdict, the district court's finding of recklessness was required by it: the jury's finding that the appellants had knowledge of the violations and their role in furthering them meant that defendants necessarily exhibited deliberate or reckless disregard of a regulatory requirement. *Id.* at 782. Accordingly, the appellate court affirmed the district court's assessment of second-tier penalties. *Id.*

In *SEC v. Capital Sols. Monthly Income Fund, LP,* the court held that a defendant in a securities action was entitled to a jury trial on liability but not on the amount of civil penalties and affirmed the civil penalties judgment because the defendant "has not shown how the district court's factual findings conflict with the jury's findings." 818 F.3d at 354–55. Notably, the court recognized that "[c]ourts have broad discretion in imposing civil penalties . . . ." *Id.* (quoting *SEC v. Quan*, 2014 WL 4670923, at *16 (D. Minn. Sept. 19, 2014)). In *SEC v. Lipson*, 278 F.3d 656, 662 (7th Cir. 2002), the court held that "it was for the judge to decide, consistent with the jury's finding of liability . . . the amount of the civil penalty." Indeed, the "Seventh Amendment does not forbid Congress to assign the determination of liability and damages to jury and judge, respectively, in a single case . . . at least where the suit is brought by, and an award will be paid to, the government . . . ." *Id.*

4

In *United States Commodity Futures Trading Commission v. Capital Blu Management, LLC*, 2010 WL 4942720, at *2 (M.D. Fla. Nov. 29, 2010), the court struck defendants' jury trial demand on the issue of the amount of civil penalties sought by the CFTC. The Court considered *Tull* and *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998), and concluded that the statute at issue (7 U.S.C. § 13a–1(d)(1)(A)) does not provide a jury trial right, and under *Tull*, the Seventh Amendment does not provide one either. *Id.* at *1. The court noted that case did not involve statutory damages as in *Feltner* but instead civil penalties as in *Tull*. *Id.* Finally, the court analogized the case to those under the Exchange Act – "a close analog to the Commodity Exchange Act – where courts, not juries, routinely assess the amount of civil penalties." *Id.* (citing *Lipson*, 278 F.3d at 662 ("it was for the judge to decide, consistent with the jury's finding of liability, not only what equitable relief to impose, but also the amount of the civil penalty")).

Contrary to Defendants' assertions, this case does not present a unique scenario where this Court should construct a novel and additional factual determination for the jury in order to properly impose a civil penalty upon a finding of liability. The Complaint is replete (more than 90 references) with allegations of fraud, deceit, and recklessness by Defendants. When the jury determines liability against Defendants on the counts asserted in the Complaint, this Court will be able to find – necessarily – that Defendants' violations "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses" and consider which tier of civil penalty to apply. Under *Tull* and its progeny, as long as this Court determines the amount of the penalty "in light of the facts and circumstances" and such factual

findings do not conflict with the jury's findings, then it will have correctly fulfilled its role as required under the Exchange Act and Securities Act.

The case law cited by Defendants in support of their Motion is inapplicable. Most notably, Defendants claim *Feltner* limits *Tull's* holding that the amount of a civil penalty is removed from the jury. However, *Feltner* is clearly inapposite to the instant case. In *Feltner*, the Court held that the Seventh Amendment provides a right to jury trial on all issues pertinent to statutory damages in a copyright infringement action, including the amount itself. *Id.* at 353-55. In rejecting Columbia Pictures' reliance on *Tull* as the reason why the jury should not determine the amount of damages in a copyright infringement action, the Court noted that in *Tull*, it was presented with "no evidence that juries historically had determined the amount of civil penalties to be paid to the Government." *Id.* at 355. The Court traced the development of copyright common law from the middle of the 17th century to the enactment of the Copyright Act in 1790 and recognized that there was a historical practice of trying copyright damages actions at law before juries. *Id.* at 351-54. There is no parallel historical practice of juries determining civil penalties to be paid to the Government in general or specifically under the Exchange Act or Securities Act. Indeed, the historical practice is for courts to decide the civil penalties in securities violations cases.

The remaining cases cited by Defendants (*Halo Electronics, WBIP, Davila,* and *Alleyne*) are similarly distinguishable. *Halo Electronics, WBIP,* and *Davila* did not implicate "the amount of civil penalties to be paid to the Government" but rather concerned damages between private parties. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1386 (Fed. Cir. 2014) (patent infringement); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016)

(patent infringement); *Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013) (Fair Labor Standards Act violation by employer).  Additionally, a jury deciding the "willfulness question" in these three cases is dissimilar from the instant case because, for example, certain "elements" for imposition of Second Tier penalties (fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement) are inherent in the claims asserted by the Commission, which will already be decided by the jury.  Defendants also attempt to combine *Alleyne v. United States*, 570 U.S. 99 (2013), which holds that any fact that increases the punishment in a criminal case above what is otherwise legally prescribed must be submitted to the jury, with *Feltner,* to argue that the awarding of civil penalties to the Government could be viewed as analogous to sentencing in a criminal proceeding.  This argument ignores the express language in *Feltner* highlighting the history of extensive evidence of juries determining damages in copyright cases and noting the lack of same in *Tull*, which again dealt with civil penalties to be paid to the Government.  None of these cases undermine *Tull's* holding that the determination of a civil penalty is not an essential function of a jury trial.

The combination of *Tull*, appellate decisions applying *Tull* in Exchange Act and Securities Act cases, and absence of case law supporting removal of the courts' discretion in imposing civil penalties in securities cases requires denial of Defendants' Motion.

### III.     CONCLUSION

For the foregoing reasons, when the jury returns a verdict finding liability, the Court should not submit special interrogatories to the jury concerning the imposition of civil penalties, and Defendants' Motion should be denied.

Dated:  November 20, 2020	Respectfully submitted,

/s/ *Alice Sum*
Alice Sum
Trial Counsel
Fla. Bar No. 354510
Telephone: (305) 416-6293
E-mail: sumal@sec.gov

Christine Nestor
Senior Trial Counsel
Fla. Bar No. 597211
Telephone: (305) 982-6367
E-mail:  nestorc@sec.gov

Alise Johnson
Senior Trial Counsel
Fla. Bar No. 0003270
Telephone: (305) 982-6385
E-mail: johnsonali@sec.gov

*Attorneys for Securities and Exchange Commission*
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone:	(305) 982-6300
Facsimile:	(305) 536-4154

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served as indicated below on this 20th day of November, 2020 upon the following:

Caleb Kruckenberg, Esq.
Kara Rollins, Esq.
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC. 20036
Email: caleb.kruckenberg@ncla.legal
*Counsel for Spartan Securities Group, LTD., Island Capital Management LLC., Carl E. Dilley, Micah J. Eldred and David D. Lopez*
Via CM/ECF

*s/ Alice Sum*
Alice Sum