UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES SECURITIES
& EXCHANGE COMMISSION,

    Plaintiff,

v.                                       Case No. 8:19-cv-448-VMC-CPT

SPARTAN SECURITIES
GROUP, LTD, ISLAND CAPITAL
MANAGEMENT, CARL DILLEY,
MICAH ELDRED, and DAVID LOPEZ,

    Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Request for a Jury Determination of Facts Necessary to Determine Penalty Tier Level (Doc. # 122), filed on November 6, 2020. Plaintiff Securities and Exchange Commission (SEC) responded in opposition on November 20, 2020. (Doc. # 130). For the reasons discussed below, Defendants' Motion is denied.

**Discussion**

A detailed recitation of the facts is unnecessary at this juncture. Suffice it to say, the SEC seeks, among other relief, the imposition of civil money penalties against

Defendants pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). (Doc. # 1). Both sections grant the Court the authority to determine the amount of civil penalties incurred. See 15 U.S.C. § 77t(d) (noting that "the court shall have jurisdiction to impose, upon a proper showing, a civil penalty to be paid by the person who committed such violation," and that "[t]he amount of the penalty shall be determined by the court in light of the facts and circumstances"); 15 U.S.C. § 78u(d)(3) (same).

Based on the "facts and circumstances" of the case, three possible ranges of civil penalties could apply: First, Second or Third Tier. 15 U.S.C. § 77t(d)(2); 15 U.S.C. § 78u(d)(3)(B). Second Tier penalties apply if the violation(s) "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," while Third Tier penalties apply if the violation(s) "resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. §§ 77t(d)(2)(B), (C); 78u(3)(B)(ii), (iii).

Defendants contend that since the "applicability of possible ranges of civil penalties in this case turns on factual matters," the Court must submit special

2

interrogatories to the jury concerning those facts necessary to determine which tier (if any) applies. (Doc. # 122 at 5). Specifically, Defendants assert that the jury must be presented with interrogatories concerning: (1) whether any defendant obtained pecuniary gain; (2) whether any defendant acted with fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; and (3) whether there were any substantial losses or a significant risk of substantial losses to other persons. (Id. at 6).

The Court disagrees and finds that Defendants are not entitled to such interrogatories. As the government points out (Doc. # 130 at 3), the Supreme Court made clear in Tull v. United States, 481 U.S. 412 (1987), that "[t]he assessment of civil penalties [] cannot be said to involve the 'substance of a common-law right to a trial by jury,' nor a 'fundamental element of a jury trial.'" Id. at 426. In that case, the Supreme Court concluded that while "the Seventh Amendment required that petitioner's demand for a jury trial be granted to determine his **liability** [under the Clean Water Act]," the "trial court and not the jury should determine the amount of penalty, if any." Id. at 427 (emphasis added). This was because "a determination of a civil penalty is not an essential function of a jury trial," therefore the

"assignment of the determination of the amount of civil penalties to trial judges [] does not infringe on the constitutional right to a jury trial," and "the Seventh Amendment does not require a jury trial for that purpose in a civil action." Id. at 426-27.

"Courts of appeals have since applied Tull in the context of civil penalties under the Securities Exchange Act." SEC v. Life Partners Holdings, Inc., 854 F.3d 765, 782 (5th Cir. 2017) (listing cases); SEC v. Capital Sols. Monthly Income Fund, LP, 818 F.3d 346, 354–55 (8th Cir. 2016) (holding that a defendant in a securities action was entitled to a jury trial on liability, but not on the amount of civil penalties); SEC v. Lipson, 278 F.3d 656, 662 (7th Cir. 2002) (same).

Indeed, the Fifth Circuit has already considered and rejected an argument similar to the one in Defendants' Motion. In Life Partners Holdings, Inc., the appellants argued "that the district court erred in imposing second-tier penalties because the jury verdict did not establish any 'fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement' on their part, as [15 U.S.C. § 78u(d)(3)(B)(ii)] requires." 854 F.3d at 781. Like Defendants, the appellants contended that pursuant to the Seventh Amendment, "only the jury [could] find the predicate

4

facts for the imposition of second-tier violations." Id. The Fifth Circuit disagreed, and held: "As we have explained in discussing the district court's imposition of second-tier penalties, the appellants had no Seventh Amendment right to a jury trial at the remedies stage of this securities action, and the court acted within its power to make factual findings not in conflict with the jury's verdict." Id. (citing Tull, 481 U.S. at 425).

This Court comes to the same conclusion, and likewise finds that Defendants have no Seventh Amendment right to a jury trial on the facts determining which penalty tier potentially applies. At the remedies stage, "it is for the judge to decide, consistent with the jury's finding of liability . . . the amount of the civil penalty." Lipson, 278 F.3d at 662. And so long as the Court's factual findings do not conflict with the jury's findings, this Court has "broad discretion in imposing civil penalties." See Capital Sols. Monthly Income Fund, 818 F.3d at 354–55 (affirming the court's civil penalties judgment in a securities action because the defendant failed to show "how the district court's factual findings conflict with the jury's findings").

Additionally, the Court agrees with the government that the various cases cited by Defendants are inapposite.

Defendants' main case, Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 353 (1998), involved a claim for statutory damages under the Copyright Act. True, the Supreme Court in that case found that the Seventh Amendment provided a jury trial right on the amount of statutory damages in a copyright infringement action. But in so finding, the Supreme Court detailed a long history of juries deciding statutory copyright damages. Id. There is no such historical parallel of juries determining civil penalties under the Exchange Act or Securities Act. On the contrary, "in cases under the Securities Exchange Act . . . courts, not juries, routinely assess the amount of civil penalties, and the propriety of them doing so has been recognized." SEC v. Cap. BLU Mgmt., LLC, No. 6:09-cv-508-JA-DAB, 2010 WL 4942720, at *1 (M.D. Fla. Nov. 29, 2010) (citing Lipson, 278 F.3d at 662).

The rest of Defendants' authority is equally distinguishable and involves damages incurred between private parties outside the securities context. (Doc. # 122 at 4). Here, where the action revolves around civil penalties to be paid to the government for violations of the Securities Act and Exchange Act, Tull remains the controlling precedent. And under Tull, the Seventh Amendment does not provide a jury trial right as to the amount of civil penalties incurred.

6

Lipson, 278 F.3d at 662. The Court therefore agrees with the SEC that a jury is not required to determine the facts predicating which penalty tier applies, and declines to submit special interrogatories to the jury for that purpose.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Request for a Jury Determination of Facts Necessary to Determine Penalty Tier Level (Doc. # 122) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of May, 2021.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE