```
                    UNITED STATES DISTRICT COURT

                     MIDDLE DISTRICT OF FLORIDA

                          TAMPA DIVISION


 SECURITIES AND EXCHANGE        )
 COMMISSION,                    )  Case No. 19-cv-00448-VMC-CPT
                                )
           Plaintiff,           )
                                )  Tampa, Florida
      vs.                       )  Friday, July 30, 2021
                                )  1:50 p.m. - 2:19 p.m.
 SPARTAN SECURITIES GROUP,      )
 LTD., ISLAND CAPITAL           )
 MANAGEMENT, LLC, CARL E.       )
 DILLEY, MICAH J. ELDRED        )
 and DAVID D. LOPEZ,            )  JURY TRIAL DAY 13
                                )
           Defendant.           )
 _____)
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

(Appearances continued on Page 2)

COURT REPORTER:

    Shayna Montgomery, CSR, RMR, CRR
    United States District Court
    801 North Florida Avenue
    Tampa, Florida 33602
    (813) 301-5124 or shayna_montgomery@flmd.uscourts.gov

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

```
 1   APPEARANCES CONTINUED:

 2   For the Plaintiff:

 3        SECURITIES AND EXCHANGE COMMISSION
          BY:  ALICE K. SUM, ESQ.
 4        -and-
          BY:  ALISE M. JOHNSON, ESQ.
 5        -and-
          BY:  CHRISTINE NESTOR, ESQ.
 6        801 Brickell Avenue, Suite 1800
          Miami, Florida 33131
 7        (305) 982-6300

 8

 9   For the Defendants:

10        NEW CIVIL LIBERTIES ALLIANCE
          BY:  CALEB KRUCKENBERG, ESQ.
11        -AND-
          BY:  KARA MCKENNA ROLLINS, ESQ.
12        1225 19TH STREET N.W., SUITE 450
          WASHINGTON, DC 20036
13        (202) 869-5210

14

15

16   ALSO PRESENT:

17        LALAINE LANDAU

18

19

20

21

22

23

24

25
```

I N D E X

PAGE

VERDICT................................................... 6

```
 1                     P R O C E E D I N G S
 2                            --oOo--
 3            THE COURT:  So we'll go back on the record.
 4            The jury has reached a verdict.  So what will happen
 5   is we will call them in -- you can be seated, thank you.
 6            We'll call them in and the courtroom deputy will read
 7   the verdict.  I will then ask each juror if that's their
 8   verdict, and I'll ask them by name.  All right.  Then I'll
 9   excuse the jury.  I'll just go back and thank them for their
10   service.  Sometimes they have general questions.  I don't
11   discuss the case with them because -- you know, especially when
12   it's a civil case and, you know, there are always other issues
13   that come up.  So I don't discuss the case with them, but I
14   just thank them for their service.  If they have any general
15   questions I'll answer them, and then I'll excuse them.
16            You know, under our local rules, I think you don't --
17   can't talk to the jury.  Everybody knows that?  Okay.  You
18   know, if for some reason you feel like you need to do that, you
19   need to make a request to the Court first.  If a juror should
20   reach out to anybody, you need to let me know.  That actually
21   happened in a case a few years ago, a juror reached out to one
22   of the lawyers.  So you need to let me know so that we can
23   handle it.  If there are any issues where you feel you need to
24   talk to the jury or anything at all, we do it here in the
25   courtroom.  You can let me know, you know, before I excuse them
```

1  if there's anything at all.
2          I ask that you remain in the courtroom.  It shouldn't
3  take that long.  Normally, it's under ten minutes, sometimes
4  even as short as three or four minutes, and then I'll come
5  back.  All right?  Okay.  Thank you all for wearing your mask.
6          Yes?
7          MS. SUM:  Can I get a disposable mask?  I had to
8  borrow this from someone else.
9          THE COURT:  Okay.  I'm sorry.  What did you need?
10         MS. SUM:  I'm sorry.  Just one of the disposable ones.
11         THE COURT:  Okay.  And I'm sorry.  That mandate just
12 came out, I don't know, within the last hour, hour and a half.
13 So that's why we're all wearing masks.
14         Okay.  Well, we will bring the jury in, then.  Thank
15 you.
16         (Pause in proceedings.)
17         (The jury entered the courtroom.)
18         THE COURT:  All right.  Welcome back, ladies and
19 gentlemen.  I understand that you've reached a verdict, is that
20 correct?  All right.  Thank you.
21         I'm going to ask the foreperson to please hand the
22 verdict to -- do we have it or the courtroom -- okay.  The
23 courtroom deputy has the verdict.  Okay.  Very good.
24         (Pause in proceedings.)
25         THE COURT:  All right.  Thank you.

```
 1           I'm going to ask the courtroom deputy to please read
 2   the verdict.  Everybody should remain seated while the verdict
 3   is read.  After the verdict is read, I'll poll the jury.  I do
 4   that in all my cases.  That means I'll just ask each person
 5   individually if that is your verdict.  After that, I will
 6   excuse you.  I'll just go to see if you have -- well, first of
 7   all, to thank you for your service, to see if you have any
 8   general questions, and I will, you know, just be there for a
 9   few minutes and then I'll come back into the courtroom.  All
10   right?  Thank you.
11
12                              VERDICT
13           THE COURTROOM DEPUTY:  United States District Court
14   Middle District of Florida Tampa Division, case number
15   8:19-cv-448-VMC-CPT, Securities and Exchange Commission,
16   plaintiff, vs. Spartan Securities Group, LTD, Island Capital
17   Management, Carl Dilley, Micah Eldred and David Lopez,
18   defendants.
19           Verdict Form.
20           Number 1.  Violations of Section 15(c)(2) and Rule
21   15c2-11 of the Exchange Act.
22           Did Spartan Securities violate Section 15(c)(2) and
23   15c2-11 of the Securities Exchange Act of 1934?  No.
24           Number 2.  Aiding and Abetting Violations of Section
25   15(c)(2) and 15c2-11 of the Exchange Act.  Did the defendants
```

```
 1  below aid and abet Spartan Securities' violation of Section
 2  15(c)(2) and 15c2-11 of the Securities Exchange Act of 1934?
 3              Number 3.  Violations of Section 17(a)(1) of the
 4  Securities Act.  Did the defendants below violate Section
 5  17(a)(1) of the Securities Act of 1933?  Spartan Securities,
 6  no.  Island Stock Transfer, no.  Carl E. Dilley, no.  Micah J.
 7  Eldred, no.
 8              Number 4.  Violations of Section 17(a)(3) of the
 9  Securities Act.  Did the defendants below violate Section
10  17(a)(3) of the Securities Act of 1933?  Spartan Securities,
11  no.  Island Stock Transfer, no.  Carl E. Dilley, no.  Micah J.
12  Eldred, no.
13              Number 5.  Violation of Section 10(b) and Rule
14  10b-5(a) of the Exchange Act.  Did the defendants violate
15  Section 10(b) of the Securities Exchange Act of 1934 and Rule
16  10b-5(a) promulgated thereunder?  Spartan Securities, no.
17  Island Stock Transfer, no.  Carl E. Dilley, no.  Micah J.
18  Eldred, no.
19              Number 6.  Violations of Section 10(b) and Rule
20  10b-5(b) of the Exchange Act.  Did the defendants below violate
21  Section 10(b) of the Securities Exchange Act of 1934 and Rule
22  10b-5(b) promulgated thereunder?  Spartan Securities, yes.
23  Island Stock Transfer, yes.  Carl E. Dilley, yes.  Micah J.
24  Eldred, yes.
25              Number 7.  Violation of Section 10(b) and Rule
```

1  10b-5(c) of the Exchange Act.  Did the defendants below violate
2  Section 10(b) of the Securities Exchange Act of 1934 and Rule
3  10b-5(c) promulgated thereunder?  Spartan Securities, no.
4  Island Stock Transfer, no.  Carl E. Dilley, no.  Micah J.
5  Eldred, no.
6          Number 8.  Aiding and Abetting Violations of Section
7  17(a)(1) of the Securities Act.  Did the defendants below aid
8  and abet one or more violations by Alvin Mirman, "Mirman";
9  Sheldon Rose, "Rose"; Michael Daniels, "Daniels"; Andy Fan,
10 "Fan"; or Diane Harrison, "Harrison" of Section 17(a)(1) of the
11 Securities Act of 1933?  Spartan Securities, no.  Island Stock
12 Transfer, no.  Carl E. Dilley, no.  Micah J. Eldred, no.
13         Number 9.  Aiding and Abetting Violations of Section
14 17(a)(2) of the Securities Act.  Did the defendants below aid
15 and abet one or more violations by Mirman, Rose, Daniels, Fan
16 or Harrison of Section 17(a)(2) of the Securities Act of 1933?
17 Spartan Securities, no.  Island Stock Transfer, no.  Carl E.
18 Dilley, no.  Micah J. Eldred, no.
19         Number 10.  Aiding and Abetting Violations of Section
20 17(a)(3) of the Securities Act.  Did the defendants below aid
21 and abet one or more violations by Mirman, Rose, Daniels, Fan
22 or Harrison of Section 17(a)(3) of the Securities Act of 1933?
23 Spartan Securities, no.  Island Stock Transfer, no.  Carl E.
24 Dilley, no.  Micah J. Eldred, no.
25         Number 11.  Aiding and Abetting Violations of Section

1  10(b) and Rule 10b-5(a) of the Exchange Act.  Did the
2  defendants below aid and abet one or more violations by Mirman,
3  Rose, Daniels, Fan or Harrison of Section 10(b) of the
4  Securities Exchange Act of 1934 and Rule 10b-5(a) promulgated
5  thereunder?  Spartan Securities, no.  Island Stock Transfer,
6  no.  Carl E. Dilley, no.  Micah J. Eldred, no.
7              Number 12.  Aiding and Abetting Violations of Section
8  10(b) and Rule 10b-5(b) of the Exchange Act.  Did the
9  defendants below aid and abet one or more violations by Mirman,
10 Rose, Daniels, Fan or Harrison of Section 10(b) of the
11 Securities Exchange Act of 1934 and Rule 10b-5(b) promulgated
12 thereunder?  Spartan Securities, no.  Island Stock Transfer,
13 no.  Carl E. Dilley, no.  Micah J. Eldred, no.
14              13.  Aiding and Abetting Violations Section 10(b) and
15 Rule 10b-5(c) of the Exchange Act.  Did the defendants below
16 aid and abet one or more violations by Mirman, Rose, Daniels,
17 Fan or Harrison of Section 10(b) of the Securities Exchange Act
18 of 1934 and Rule 10b-5(c) promulgated thereunder?  Spartan
19 Securities, no.  Island Stock Transfer, no.  Carl E. Dilley,
20 no.  Micah J. Eldred, no.
21              Number 14.  Violations of Section 5(a) and 5(c) of the
22 Securities Act.  Did the defendants below violate Section 5(a)
23 and 5(c) of the Securities Act of 1933?  Spartan Securities,
24 no.  Island Stock Transfer, no.  Carl E. Dilley, no.
25              So say we all.  James Young, Foreperson, July 30th,

```
 1  2021.
 2              THE COURT:  Okay.  Thank you, Ms. Lee.
 3              I'll poll the jury now.
 4              Mr. Watts, is that your verdict?
 5              THE JUROR:  Yes, it is, Your Honor.
 6              THE COURT:  Thank you.
 7              Ms. Kendall, is that your verdict?
 8              THE JUROR:  Yes, it is.
 9              THE COURT:  Ms. Di Natale, is that your verdict?
10              THE JUROR:  Yes, it is.
11              THE COURT:  Mr. Council, is that your verdict?
12              THE JUROR:  Yes, it is.
13              THE COURT:  Okay.  Mr. Young, is that your verdict?
14              THE JUROR:  Yes, it is.
15              THE COURT:  Mr. Montaad, is that your verdict?
16              THE JUROR:  Yes, it is.
17              THE COURT:  All right.  Thank you, ladies and
18  gentlemen.  I want to thank you for your service under very
19  challenging times.  I really appreciate it.  I will excuse you
20  now, and I will go out to thank you personally.  All right?
21              (The jury exited the courtroom.)
22              (Off the record at 2:04 p.m.)
23              (On the record at 2:15 p.m.)
24              THE COURT:  All right.  Well, as I said, I just
25  generically thanked them.  Everybody can be seated, please.
```

1                So I know that you had previously made a motion under
2    Rule 50, I think it is.  So as to all of these, except for the
3    one where -- I think that was Number 6, wasn't it, violations
4    of 10(b) and Rule 10b-5(b)?  So I guess I can deny your motion
5    as moot there or -- or I can do this one of two ways.  I can --
6    I did tell you that I would hear argument -- and I know you
7    have your motion as well too, I need to circle back to that.
8                We can let this go for another week or so.  I don't
9    want it to be too long out there because it's listed as a
10   pending motion.  You can raise whatever you want to raise post
11   judgment.  I mean, you can raise all these if you want.  I can
12   deny both motions, both your's and the SEC's motion, and then
13   you can raise whatever you want to raise in, you know, post
14   judgment pleadings or post -- I shouldn't say post judgment --
15   post verdict pleadings.  Or I will let you address this if you
16   would like in a motion.  I'm fine with it either way.
17               I mean, I did tell you -- I just didn't want to take
18   time to hear an oral argument while I had a jury waiting.  It
19   would have delayed this, you know, an hour or more.  Probably
20   my preference would be -- I just don't want to -- my preference
21   would probably be to deny both motions, both your motion, the
22   motion of the SEC, and then let you raise these issues post
23   verdict if you choose to.  On the other hand, I'm fine -- I
24   could probably deny everything as moot in light of the jury's
25   verdict, except with relate -- as it relates to Number 6.

```
 1              Do you want to think about that for a minute?  Do you
 2   know?
 3              MR. KRUCKENBERG:  Yes, Your Honor.  Just one moment.
 4              THE COURT:  Sure.
 5              (Pause in proceedings.)
 6              MR. KRUCKENBERG:  And, Your Honor, I think our
 7   preference is probably the same as yours, that we would raise
 8   any -- any issues in a post judgment --
 9              THE COURT:  Okay.
10              MR. KRUCKENBERG:  -- or excuse me, a post verdict
11   motion.
12              THE COURT:  Post verdict, right.  Okay.  That's what
13   I'll do.
14              How about the SEC?  Any issues -- I had reserved
15   ruling on your -- your one Rule 50.  What are your thoughts on
16   that?
17              MS. NESTOR:  Your Honor, that's totally fine.  What
18   you suggested is appropriate.  Thank you.
19              THE COURT:  Okay.  So I'm going to deny both motions
20   as moot as to everything, except for Count -- well, okay.  I'll
21   just deny -- how about I just -- Count 6 is denied.  The others
22   are denied as moot, and then you can raise it post verdict.
23   All right.
24              MR. KRUCKENBERG:  Yes, Your Honor.
25              THE COURT:  That's what I'll do.
```

```
1              Anything else that we need to cover today?
2              Okay.  Well, I know everybody worked very hard --
3              MS. JOHNSON:  Other than a big thank you.
4              THE COURT:  That's all right.  My pleasure, thank you.
5    I appreciate your filing the motion to seal the record on
6    that -- on the health issues.  You never quite know how to do
7    these things.  It's the first time I've had to deal with
8    something like that, I can assure you.
9              So anyway, thank you, everybody.  I appreciate
10   everybody being here, and we are in recess.  Thank you.
11             (The proceedings adjourned at 2:19 p.m.)
12                             --oOo--
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   CERTIFICATE OF REPORTER

 2

 3   COUNTY OF HILLSBOROUGH    )

 4                             )  SS.

 5   STATE OF FLORIDA          )

 6

 7   I, Shayna Montgomery, Official Court Reporter, Registered Merit

 8   Reporter, in and for the United States District Court for the

 9   Middle District of Florida, do hereby certify that I reported,

10   stenographically, the foregoing proceedings at the time and

11   place hereinbefore set forth; that the same was thereafter

12   reduced to typewritten form by means of computer-aided

13   transcription; and I do further certify that this is a true and

14   correct transcription of my stenographic notes.

15

16

17   DATED: 07/30/2021

18

19   S:/SHAYNA MONTGOMERY_____

20   SHAYNA MONTGOMERY, CSR, RMR, CRR

21   FEDERAL OFFICIAL COURT REPORTER

22

23

24

25
```