# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> :    CASE NO.: 8:19-cv-448-VMC-CPT <br> : |
| Plaintiff, | : |
| v. | : |
| SPARTAN SECURITIES GROUP, LTD., ISLAND CAPITAL MANAGEMENT, CARL E. DILLEY, and MICAH J. ELDRED. | : |
| Defendants. | : |

## DECLARATION OF MICAH ELDRED

Pursuant to 28 U.S.C. § 1746, I, Micah Eldred, declare under penalty of perjury that the following is true and correct to the best of my present knowledge, information and belief:

1. I have personal knowledge of the matters set forth in this declaration, and have reviewed appropriate records for Spartan Securities Group, Ltd. and Island Capital Management LLC d/b/a Island Stock Transfer as necessary to set forth the statements in this declaration.

2. Neither Spartan nor Island are currently in operation. Neither has any plan to resume any operations. Both entities have negligible assets and no physical locations or employees.

3. Neither Spartan nor Island is registered with the Securities and Exchange Commission nor the Financial Industry Regulatory Authority.

4. For Spartan to resume operation as a broker-dealer, it would need to register with both the SEC and FINRA, and both entities would need to approve its registration.

5. For Island to resume operation as a transfer agent, it would need to register with the SEC, and the commission would need to approve its registration.

6. I am no longer associated with a broker-dealer, or any entity that does business as a broker-dealer.

7. For me to once again work as a broker-dealer or associated person, I would need to register with both the SEC and FINRA, and both entities would need to approve my registration.

8. I have worked in the securities industry since I was 18 years-old, and this has been my primary occupation ever since. Any court-imposed industry bar will significantly impact my ability to earn a living and greatly reduce my future earnings capacity.

9. I have not worked in the securities industry as a broker-dealer or associated person for nearly three years, because of this case.

10. I hope to be able to return to the securities industry full-time and once again work as a broker-dealer or associated person. If I was allowed to reapply, I would do so and endeavor to follow all appropriate rules and restrictions imposed by any regulator.

11. In the more than 30 years I have worked in the securities industry I have not previously been fined or been held directly liable for any misconduct.

12. My current primary occupation is serving as the CEO of Endurance Explorations, Inc., a corporation that conducts salvage operations. Endurance is a non-reporting company with approximately 400 shareholders. I indirectly control a controlling interest in the corporation.

13. The salvage industry is highly-specialized and if I were forced to resign as CEO of Endurance or divest my interest in the company, Endurance would not be able to find a suitable replacement CEO. This would very likely cause Endurance to cease operation. This would unfairly punish Endurance's remaining shareholders.

14. If I were barred from activities related to issuing penny stocks this would also effectively destroy Endurance's ability to raise capital and would deprive its other shareholders of their legitimate business expectations in Endurance.

15. Endurance had no association with any of the charges at issue in this case.

16. Barring my future work with Endurance would unfairly harm Endurance's other investors.

17. While it was in operation, Island made less than $8,000 in net revenue from the 19 issuers listed in the complaint. This number is derived from the gross receipts taken from those issuers, minus an estimation of the average costs of conducting those transactions. This number does not discount for typical operating costs, such as staff salaries, overhead, rent, etc.

May 23, 2022

_____
Micah Eldred