IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| | : | CASE NO.: 8:19-cv-448-VMC-CPT |
| Plaintiff, | : : : | |
| v. | : : : | |
| SPARTAN SECURITIES GROUP, LTD., ISLAND CAPITAL MANAGEMENT, CARL E. DILLEY, and MICAH J. ELDRED, | : : : : : | |
| Defendants. | : | |

**DEFENDANTS' REQUEST FOR ORAL ARGUMENT AND
AN EVIDENTIARY HEARING**

COMES NOW, defendants, Spartan Securities Group, Ltd. ("Spartan"), Island Capital Management ("Island"), Carl E. Dilley, and Micah J. Eldred (collectively "Defendants"), by and through undersigned counsel, and pursuant to Local Rule 3.01(h), respectfully requests this Court to entertain oral argument and an evidentiary hearing regarding SEC's motion for remedies against defendants (Dkt. 270), and Defendants' opposition thereto (filed contemporaneously), and, in support thereof, states as follows:

SEC is seeking both "disgorgement of $147,508, plus prejudgment interest in the amount of $51,286 (for a total of $198,794) against Island[.]" Dkt. 270 at 2 ("SEC Br."). Defendant Island disputes the availability of this remedy, the facts SEC alleges to support its request, and the calculation thereof. *See* Def. Br. in Opp. at §II. To address these disputes, Island respectfully requests a hearing to determine the disgorgement and interest amounts, if any. *See CFTC v. Amerman*, 645 Fed. App'x 938, 943 (11th Cir. 2016) ("Where a defendant contests the calculation of a disgorgement award and

prejudgment interest and requests a hearing to resolve this dispute, a district court may abuse its discretion in declining to hold one."). Defendant Island is entitled to an evidentiary hearing before entry of any disgorgement award. *See* SEC v. Smyth, 420 F.3d 1225, 1231, 1233 (11th Cir. 2005).

Likewise, there are factual considerations that must be made prior the entry of any injunction or civil penalty, if any. *See generally* Def. Br. in Opp. (filed contemporaneously). Defendants Mr. Eldred and Mr. Dilley also request an evidentiary hearing to present appropriate evidence concerning the appropriateness of any fines or equitable remedies against them.

Defendants' have previously argued that a jury is required to make the penalty tier determination, *see* Dkt. 122, because whether Defendants' actions "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons[,]" 15 U.S.C. § 78u(d)(3)(B)(iii), is a matter of fact which the SEC bears the burden of proving. While SEC alleges it produced evidence at trial that supports tier-three penalties, *see* SEC Br. at 18, the jury made no specific findings or determinations as to that evidence regarding determination of the penalty tiers. The Court has ruled adverse to Defendants. Dkt. 159. But, Defendants press this again because an important Appellate decision has been issued in the Fifth Circuit on the constitutional necessity of jury findings of fact when the SEC seeks fines like monetary penalties. *Jarkesy v. SEC*, __ F.4th __, 2022 WL 1563613 (5th Cir. May 18, 2022). The holding in that case, that neither the SEC nor Congress can eliminate a defendant's Seventh Amendment rights in what amounts to a common law fraud action should also apply to the amount of the penalty, under the tier system, which also sounds in fraud. *Id.* at *2-*10.

Undersigned counsel respectfully requests 30 minutes of oral argument for each side, for one hour total. Undersigned counsel also respectfully requests six hours to conduct an evidentiary hearing.

Plaintiff SEC expressed that it does not believe that either an evidentiary hearing or oral argument are necessary. But SEC's stated that its position might change upon reviewing Defendants'

response to its motion. Plaintiff SEC opposes Defendants' request for a jury trial to assess civil penalties.

For the foregoing reasons, Defendants respectfully request that this Court entertain oral argument and hold an evidentiary hearing.

Respectfully Submitted,

Dated: May 23, 2022

/s/ Kara Rollins
KARA ROLLINS
Litigation Counsel
JOHN J. VECCHIONE
Senior Litigation Counsel
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC 20036
(202) 869-5210
kara.rollins@NCLA.legal
john.vecchione@NCLA.legal

CALEB KRUCKENBERG
3100 Clarendon Blvd, Suite 610
Arlington, VA 22201
ckrucken@gmail.com

*Counsel for Defendants*
Appearing *Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Defendants' counsel conferred with counsel for Plaintiff SEC with respect to this motion. Plaintiff SEC expressed that it does not believe that either an evidentiary hearing or oral argument are necessary. But SEC's position might change upon reviewing Defendants' response to its motion. Plaintiff SEC opposes Defendants' request for a jury trial to assess civil penalties.

    Respectfully,
    */s/ Kara Rollins*
    KARA ROLLINS
    Appearing *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

    Respectfully,
    */s/ Kara Rollins*
    KARA ROLLINS
    Appearing *Pro Hac Vice*