UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTICT OF FLORIDA

Case No. 19-cv-00448-VMC-CPT

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

SPARTAN SECURITIES GROUP, LTD et al.,

      Defendants.
_____/

**SECURITIES AND EXCHANGE COMMISSION'S
REPLY IN SUPPORT OF ITS MOTION FOR REMEDIES AGAINST
DEFENDANTS**

Christine Nestor
Alise Johnson
Alice Sum
ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE
COMMISSION
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154
nestorc@sec.gov
johnsonali@sec.gov
sumal@sec.gov

## I. The Proposed Injunctions Are Not "Obey-The-Law" Injunctions

The SEC's injunctions are narrowly tailored to the specific conduct of this case. The jury found Defendants liable for committing securities fraud and violating Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(b) thereunder. The SEC seeks to enjoin Defendants' violations of those provisions and includes language addressing Defendants' conduct, including:

(i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or
(ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company. *See* Exhibits C-1 – C-4 to the SEC's Motion (DE 270).

This narrow and specific language is included in light of *SEC v. Goble*, 682 F.3d 934 (11th Cir. 2012), which the Defendants have not cited and postdates the cases relied upon by Defendants. Defendants have cited no cases concluding the SEC's proposed injunctions are impermissible. In *SEC v. Sky Way Global*, 710 F.Supp.2d 1274 (M.D. Fla. 2010), a case heavily relied upon by the Defendants, the injunction rejected by the district judge *did not* contain the more narrow language the SEC has proposed in this case. *See Sky Way Global*, No. 8:09-cv-00455, DE 40-2 at p.3.[1]

## II. Ordering Island to Pay Disgorgement is Consistent with Prevailing Law

Under *Liu v. SEC*, 140 S. Ct. 1936 (2020) and reinforced by post-*Liu*

---

[1] Relying on *Sky Way Global*, Defendants also complain of the SEC's inclusion of Rule 65(d)(2) language in the proposed injunction. That reliance is misplaced, however, because the proposed injunction in *Sky Way Global* is not identical to that proposed here, and the concern raised by the district judge that co-defendants who continued to litigate the case might be bound by the injunctions, is not present here.

amendments to the Exchange Act[2], the Court can and should order Island to pay disgorgement, even in the absence of a distribution to harmed investors. While the Commission's longstanding policy has been "wherever possible … to recommend a distribution plan by which a defendant's unlawful gains are paid out to defrauded investors," *SEC v. Fischbach Corp.*, 133 F.3d 170, 174 (2d Cir. 1997), here a distribution is not feasible or practical. As gatekeepers, Island's fraudulent conduct caused harm to more than a practically identifiable group of harmed investors and instead impacts the capital markets. The problem is not a shortage of victims; to the contrary, the fraud caused broad and diffused harm to investors trading stock that should not have entered the market, to legitimate market participants, and to market integrity generally.

Defendants argue that if distribution to investors is not made, then no disgorgement should be ordered. DE 273 at 9-12. Such a result is inequitable and unsupported by *Liu*. *See SEC v. Almagarby et al.*, 2021 WL 4461831, at *3 (S.D. Fl. Aug. 16, 2021) (*Liu* "made no ruling … that the SEC must identify specific victims to whom a disgorgement award should be distributed, or that all disgorged funds must be returned to investors, or that a disgorgement award should be limited to those funds that could be returned to investors."), *report and recommendation adopted*, 2021 WL 4459439 (S.D. Fla. Sept. 29, 2021), *modified on other grounds*, 2022 WL 832279 (S.D. Fla. Feb. 15, 2022). After *Liu*, courts have ordered disbursement to the Treasury.[3]

---

[2] Nat'l Defense Auth. Act for Fiscal Year 2021 ("NDAA"), Pub. L. No. 116-283, § 6501 (Jan 1, 2021).
[3] See post-*Liu* orders (attached as Exhibit A) entered in *SEC v. Nortel Networks Corp.*, No. 07-cv-8851, DE 114 (S.D.N.Y. Sept. 2, 2021); *SEC v. Macquarie Capital, LLC*, No. 15-cv-02304, DE 37 (S.D.N.Y. July 30, 2021); and *SEC v. Buck*, No. 1:17-cv-03984, DE 17 (S.D. Ind. Apr. 22, 2021).

Post-*Liu* amendments to the Exchange Act also support ordering disgorgement. New Exchange Act Section 21(d)(7) confirms courts' authority to order disgorgement: "In any action or proceeding brought by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may order, disgorgement." 15 U.S.C. 78u(d)(7); see also 15 U.S.C. 78u(d)(3)(A)(ii). New Section 21(d)(7) omits the "for the benefit of investors" phrase in Section 21(d)(5) that *Liu* construed as a "limitation[]" or "restrict[ion]" on a court's equitable authority to disburse collected disgorgement amounts. 140 S. Ct. at 1947-49.[4] Section 21(d)(7) thus provides this Court with greater flexibility to use its equitable authority to remedy unjust enrichment.[5] Under *Liu* and the NDAA, the Court should order disgorgement, even in the absence of a distribution to harmed investors in these circumstances.

The SEC's disgorgement calculation is a reasonable approximation of Island's ill-gotten gains and Defendants have not offered contrary evidence. Instead, Defendants submit the uncorroborated declarations of Defendants Dilley and Eldred. Similar tactics have been rejected by the Eleventh Circuit. *See CFTC v. Tayeh*, 848 F. App'x 827, 830 (11th Cir. 2021) (imposing plaintiff's reasonable approximation of defendant's ill-gotten gains when defendant failed to provide concrete and credible evidence of alleged business expenses).

---

[4] "[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another," *Chicago v. Envtl. Def. Fund*, 511 U.S. 328, 338 (1994), and that presumption is even stronger when the omission is made just months after a Supreme Court decision identifying that particular language as a limitation or restriction.

[5] Congress's focus on preventing "unjust enrichment" is consistent with the equitable aim of disgorgement that wrongdoers not "profit[] from their own wrong." *Liu*, 140 S. Ct. at 1950; *see Rubber Co. v. Goodyear*, 76 U.S. 788, 804 (1870).

Regarding the retroactive application of the NDAA to the SEC's disgorgement claim, the Court is required to impose the 10-year limitations period. The SEC's Complaint requests disgorgement of ill-gotten gains "received within the applicable statute of limitations…resulting from the acts or courses of conduct alleged in the Complaint". DE 1 at 61. The Complaint sets forth conduct from December 2009, within the 10-year limitations period. DE 1 at ¶3. The NDAA, applies to "any action or proceeding that is pending on, or commenced on or after" January 1, 2021, and is thus applicable to this case. NDAA Section 6501(b). The Court should reject Defendants' invitation to ignore the express terms of this applicable statute.

### III. An Injunction is Warranted and Necessary

Defendants' argument that an injunction is not necessary because they must register with both the SEC and FINRA, wrongly implies that regulatory oversight provides assurance that Defendants will comply with the law. But, Defendants ignore that they were registered when they committed securities fraud. If it did not stop them from making fraudulent misrepresentations and omissions before, the Court should not believe it would stop them now. An injunction would also allow the SEC to seek industry bars against the Defendants. Additionally, Defendants could recommit securities fraud while unregistered with the SEC or FINRA. Therefore, Defendants' future registration status does not mitigate the need for injunctions against them based on the jury's verdict that they committed securities fraud.

Respectfully submitted,

July 12, 2022

By: *s/Christine Nestor*
Christine Nestor
Senior Trial Counsel
Fla. Bar No. 597211
Telephone: (305) 982-6367
Facsimile: (305) 536-4154
E-mail: nestorc@sec.gov

Alise Johnson
Senior Trial Counsel
Fla. Bar No. 003270
Telephone: (305) 982-6385
E-mail: johnsonali@sec.gov

Alice Sum
Trial Counsel
Fla. Bar No. 354510
Telephone: (305) 416-6293
Facsimile: (305) 536-4154
sumal@sec.gov

**ATTORNEYS FOR PLAINTIFF SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served as indicated below on this 12th day of July 2022 upon the following:

Caleb Kruckenberg, Esq.
Kara Rollins, Esq.
John Vecchione, Esq.
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC. 20036
Email: kara.rollins@ncla.legal
John.vecchione@ncla.legal
ckrucken@gmail.com

*Counsel for Defendants*
Via CM/ECF

*s/Christine Nestor*