UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO. 19-CV-00448-VMC-CPT

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

SPARTAN SECURITIES GROUP, LTD.,
ISLAND CAPITAL MANAGEMENT LLC,
CARL E. DILLEY,
MICAH J. ELDRED, and
DAVID D. LOPEZ,

        Defendants.

_____/

## FINAL JUDGMENT AS TO DEFENDANT MICAH J. ELDRED

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's (the "Commission") Motion for Remedies. The Court finds that good cause exists for the Court to grant in part the Commission's motion against Defendant Micah J. Eldred ("Defendant"). Based on the evidence presented and for the reasons set forth in the Court's order, and the jury having found Defendant liable for violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5(b) thereunder:

## I.

## **PERMANENT INJUNCTIVE RELIEF**

**Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder**

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant is restrained and enjoined, for a period of five years from the date of this judgment, from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

> to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, regarding:
>
> i. initiating a quoted market in an issuer's security; or
>
> ii. applications or submissions pursuant to Exchange Act Rule 15c2-11; or
>
> iii. whether an issuer is a shell or blank check company; or
>
> iv. the identity of any consultants or persons in control of an issuer; or
>
> v. an issuer's plans for potential mergers or acquisitions; or
>
> vi. the identity of the person or entity for whom a security's quotation is being submitted, when seeking to initiate or resume quotations of an issuer's security; or

  vii. information submitted to the Depository Trust Company ("DTC") or its participants when seeking DTC eligibility for an issuer; or

  viii. information submitted to Financial Industry Regulatory Authority ("FINRA") when seeking to initiate or resume quotations of an issuer's security.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## CIVIL PENALTY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $150,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within 30 days after entry of this Final Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by

certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Micah J. Eldred as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

### III.

### PENNY STOCK BAR

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is barred, for a period of ten years from the date of this judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### V.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this ___10th_____ day of August, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE